**Anna LEWIS, Plaintiff-Respondent,**

v.

**Andy WALL, Defendant-Appellant.**

**No. 12329.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 29, 1982.

Tyce S. Smith, Waynesville, for plaintiff-respondent.

James E. Baldwin, Donnelly, Baldwin & Wilhite, Lebanon, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Andy Wall, appeals from an adverse judgment in a court-tried personal injury case in which the plaintiff, Anna Lewis, was awarded $2,000. The incident that caused the injury to Mrs. Lewis (soft tissue injury to the neck, back and shoulders) occurred when her Chevrolet was rear-ended by a Volkswagen driven by Wall. Her automobile was damaged in the amount of $201.05, and she incurred medical expenses. A short time after the accident, Wall's liability insurance carrier, State Farm Mutual Automobile Insurance Company, through one of its claims adjusters, obtained a release from Mrs. Lewis and her husband, James. The release purported to release Wall and State Farm from all claims by Mr. and Mrs. Lewis, including personal injury, property damage, loss of consortium, etc. The consideration stated in the release was $251.05. The adjuster gave Anna and James a check in that amount which they cashed.

At trial, Mrs. Lewis, who could not read or write and had not finished the first grade, contended that the adjuster had told her that the payment was for damage to the car, which was owned by Mr. Lewis, that the adjuster never called the document she signed a release, except when "he said where he could release the check for the automobile," and that she would not have signed the release if she had known that it released her claim for personal injuries. She also stated that her husband had a limited education, and hearing and vision problems. Mrs. Lewis said that the adjuster obtained her husband's signature on the release by handing it to him and telling him it was only to release the check for the car damage. The adjuster admitted that he had not read the release to Mrs. Lewis before she signed it, but said that he had explained to both her and her husband that it was a full release.

In the written findings of fact and conclusions of law supporting its judgment, the trial court found that the release was invalid due to 1) lack of consideration for the release of the personal injury claim, and 2) fraud in the procurement of the release in that the claims adjuster caused Mrs. Lewis, who could not read or write, to believe that the payment and release were for the damages to the automobile only, that such representation was false, that such representation was material, that the agent knew it was false, that the agent intended that Mrs. Lewis rely on his misrepresentation, that she was ignorant of the falsity of the misrepresentation, that she relied on it to her detriment, and that she had a right to rely on it for the reason that the adjuster, through his conversation with and issuance of the check to Mrs. Lewis, had not only admitted Wall's liability for the car damage but also for any and all injuries Mrs. Lewis sustained including necessary medical expenses, and there was nothing said or done by the adjuster that would cause her to believe otherwise. The trial court also concluded that Mrs. Lewis was not obligated to tender the $251.05 back to the insurance company before she could contend that the release was invalid.

Wall contends here that the trial court erred in finding 1) there was no consideration to support the release, 2) that Mrs. Lewis was not required to tender back the $251.05 in that if fraud was present here, which Wall denies, it was fraud in the inducement, not in the procurement, thus requiring her to tender back the money as a condition precedent to pursuing her claim, 3) in finding that the release was obtained by fraud as Mrs. Lewis had failed to prove the elements of actionable fraud, and 4) in finding that the release did not bar the claim of Mrs. Lewis in that she failed to exercise reasonable care in ascertaining the contents of the release before she signed it.

On appeal, Mrs. Lewis concedes that in her pleadings she admitted executing the release, and did not allege lack of consideration. She admits that the conclusion of the trial court as to lack of consideration was erroneous, but argues that the trial court was correct in finding that the release was invalid by reason of fraud in its procurement.

This was a court-tried case, and the judgment should be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and contains no erroneous declaration or application of law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The only real issue here was one of fact, and each case of this kind must be subjectively considered and decided on its own peculiar facts. *Messina v. Greubel,* 358 Mo. 439, 215 S.W.2d 456, 459 (Mo.1948). If the trial court believed Mrs. Lewis, the release was invalid. If it believed the claims adjuster, the release was valid. The trial court chose to believe Mrs. Lewis. It had a right to do so. Her testimony, without going into detail, provided all of the elements of actionable fraud including her right to rely on the adjuster's misrepresentations since the adjuster, as the trial court concluded, obtained the confidence of Mrs. Lewis by artifice, and anesthetized her sense of caution, thereby overcoming her subjective belief as to whether she should make an independent investigation of the facts. See *Wood v. Robertson,* 245 S.W.2d 80, 84 (Mo.1952); *Kestner v. Jakobe,* 446 S.W.2d 188, 195 (Mo.App.1969). There is substantial evidence in the record to support the finding that the fraud was in the procurement, not in the inducement. *Houghtaling v. Banfield,* 8 S.W.2d 1023, 1026 (Mo.App.1928). We find no error.

The judgment is affirmed.

All concur.