PETER MESSINA, Respondent, v. ALFRED H. GREUBEL and FANNIE GREUBEL, Appellants.—No. 40626.—215 S. W. (2d) 456.

Division One, December 13, 1948.

*Kramer & Chused* and *Simon Reznikoff* for appellants.

440

*Harry S. Gleick* for respondent; *Gleick & Strauss* of counsel.

[457] CLARK, J.—Defendants appeal from a judgment for plaintiff in the sum of $25,500.00. Plaintiff's petition, in substance, alleged: that defendants, husband and wife, were officers and directors of the Greubel Machine and Tool Company, a corporation, manufacturing lawnmowers; that plaintiff was an employee of the company, but had no information of its affairs except as furnished to him by

defendants; that defendant, Alfred Greubel, owner of nearly all the stock of the company, with intent to deceive and defraud plaintiff and to induce him to invest in stock and lend money to the company, falsely represented to plaintiff (1) that the building occupied by the company was owned by it and was free and clear of liens; (2) that the plant and machinery belonged to the company and was paid for; (3) that the company needed money for working capital only; (4) that the company had $10,000.00 due it from the United States; (5) that the company was in good financial condition. The petition further alleged that defendant Fannie Greubel joined with her husband in misrepresenting the financial condition of the company; that plaintiff, relying upon the representations so made, was induced to invest $18,000.00 in the capital stock and lend the company more than $8,000.00 in January, February and March, 1946; that on March 29, 1946, the company filed a voluntary petition in bankruptcy and plaintiff's investments became a total loss.

Defendants filed a general denial, later amended by alleging that Greubel prior to January 7, 1946, advised plaintiff of the true condition of the company; that after January 7, 1946, plaintiff attended various meetings and knew or should have known the company's true condition before paying for the balance of his stock and making loans to the company.

By stipulation the case was tried by the court without a jury. At the close of the case the plaintiff and the defendants made suggestions as to findings of facts. The court approved the suggestions offered by plaintiff, rejected those offered by defendants, and rendered judgment for plaintiff.

The evidence leaves no doubt that plaintiff invested the sums alleged in his petition, [458] in loans and the purchase of stock and that the corporation was hopelessly insolvent before and at the time of such investments. Plaintiff testified and offered other proof that each of the defendants made the representations alleged and that they were false. Defendant Alfred Greubel was not present at the trial and his deposition was not taken. The other defendant, Mrs. Greubel, testified that she did not make the false representations attributed to her.

The first two contentions of defendants on this appeal are closely related and will be discussed together. They are that the case should be reversed because the plaintiff failed to plead the exercise of ordinary prudence in relying on the representations, and because he failed to prove that he had a right to rely upon them.

The petition alleged the facts as to the relations existing between the parties and their connection with the corporation; the representations made to plaintiff by defendants; that such representations were false; that plaintiff relied upon them and was thereby induced to part with his money. Plaintiff pleaded reliance, that was

an allegation as to a fact; he did not, in so many words, plead a right to rely, that would have been a conclusion. The petition did not set out what, if any, diligence plaintiff exercised in making an investigation as to the truth of the representations; but it did show a prima facie right to rely on defendants' statements for it indicated that they were in a better position to know the truth than he was. Defendants filed no demurrer on motion to dismiss. Their first assault on the sufficiency of the petition came in their motion for new trial and then only in a vague and indefinite way. We hold that the petition states a claim upon which relief can be granted.

Now as to the proof. Defendants say that they disclosed the true financial condition of the corporation to plaintiff before he invested any money. That seemed incredible to the trial court and so it seems to us. Next, defendants say that there was no confidential relation existing between them and plaintiff; that they dealt with him at arm's length; and that by an investigation plaintiff could have ascertained the true financial condition of the corporation. That argument does not appeal to us. It may be that no confidential relation, as commonly understood, existed between the parties, but the knowledge and means of knowledge possessed by defendants as to the affairs of the company were vastly superior to that possessed by plaintiff. Defendants were officers and directors of the corporation and were not only presumed to know, but actually did know its condition. Plaintiff was a mechanic who had never owned or operated a business. He was an employee of defendants and had a right to suspect them of some degree of honesty. Part of the money which he lost was furnished by a relative who knew as little about business as he did. Yes, plaintiff could have learned something by an investigation. He could have hired an abstracter to search the records and learn that there were liens on the real estate and part of the equipment which defendants falsely represented to be unencumbered. He could have employed an auditor to check the books and learn that the company owed bills amounting to many thousands of dollars; that instead of the sum of $10,000.00 being due from the United States, as falsely stated by defendants, a balance of more than half that amount was due by the company to the government. It is true that some, but not all, of the completed machines bore metal tags stating that they were the property of the United States. Plaintiff could see that, but he knew that such tags were not always removed when the government parted with title. The evidence shows that plaintiff was ignorant of business matters. He didn't know how much stock had been issued nor the names of the stockholders. After he had invested some money, he attended two meetings at which the Greubels and two or three others were present, but he says the financial condition of the company was not mentioned. Under the evidence we hold that plaintiff had a right to rely upon the statements made by the de-

fendants. We are sustained in that holding by our ruling in the case of Monsanto Chemical Works v. American Zinc, Lead [459] & S. Co. (Mo.) 253 S. W. 1006. The evidence there was much more favorable to the defendant than it is in the instant case. The defrauded plaintiff was one of the large corporations of America, headed by an executive of great ability and experience. No confidential relation existed between the parties. We said: "It cannot make any possible difference that those representations were made by a stranger dealing at arm's length. The only difference in this case would be in the duty of the plaintiff to investigate and his right to rely upon the representations. He had no means of knowing who the contract customers of the defendant were. *That was a matter peculiarly within the knowledge of the defendant,* a knowledge which Mr. Rossman refused to share with Mr. Queeny." [Emphasis ours.] We then quoted from 26 C. J., p. 1144, as follows: "The tendency of modern decisions is not to extend but to restrict the rule requiring diligence, and similar rules, such as caveat emptor and the rule granting immunity for dealer's talk, and to condemn the falsehood of the fraud feasor rather than the credulity of his victim." Practically the same objections to the petition and the sufficiency of the proof were made in that case as defendants make here and they were overruled by this court.

Other cases in point are: State ex rel. v. Reynolds, 272 Mo. 588, 199 S. W. 978; Becker v. Thompson, 336 Mo. 27, 76 S. W. (2d) 357; Menke v. Rovin, 352 Mo. 826, 180 S. W. (2d) 24; Judd v. Walker, 215 Mo. 312, l. c. 335, 114 S. W. 979; Nash v. Normandy State Bank, (Mo.) 201 S. W. (2d) 299, l. c. 303; Jeck v. O'Meara, 343 Mo. 559, 122 S. W. (2d) 897. [Plaintiff induced to buy stock in a corporation by representation that it was in sound financial condition.]

Defendants cite 37 C. J. S., 215, and a number of cases such as McCaw v. O'Malley, 298 Mo. 401, 249 S. W. 41; Ralston Purina v. Swann, (Mo. App) 161 S. W. (2d) 39; Conklin v. Mo. Pac. R. R., 331 Mo. 734, 55 S. W. (2d) 306. None of them is inconsistent with the conclusions we have reached or the cases cited in support of those conclusions. Some cases use more words than others to outline the essential elements necessary for recovery in an action for fraud and deceit. Each case of the kind must be decided upon its own facts. Of course, to permit recovery the representations must be relied on. Reliance should not be placed upon representations so palpably false as to be disbelieved by a person of ordinary intelligence, nor upon representation whose falsity is equally known to the parties. The facts of the instant case are unlike those in the cases cited by defendants.

Little time and space need be expended on other contentions made by defendants. Plaintiff filed a claim in the bankruptcy court

for part of the money he lost. Nothing had been paid on the claim at the time of the trial. If any amount is recovered in the bankruptcy court it will be credited on the judgment in this case. No mention of this claim appears in defendants' motion for new trial.

■ Defendants say the court erred in "failing to make a finding of fact or conclusion of law that plaintiff had a right to rely upon the alleged misrepresentations." At the close of all the evidence the court made a finding of facts substantially as we have heretofore recited them. Defendants did not request the court to make a finding upon the issue of plaintiff's right to rely on the representations and did not mention that question in their motion for new trial.

Defendants, having failed to request a finding on that issue, cannot now raise the question. [3 C. J., p. 868, sec: 766.] "All fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached." [Mo. Code of Civil Procedure, sec. 114(b).]

■ Defendants pray for a remand of the case because one of the defendants, Alfred Greubel, was not present at the trial. The petition was filed on November 13, 1946, and the trial was in June, 1947. The record shows that defendants' counsel announced ready for trial and made no request [460] for a continuance. They cannot now object.

Under the evidence and the law the finding and judgment are correct and the judgment is affirmed. All concur.