## BONNOT v. TACKITT et al. (two cases).

### Nos. 21719, 21720.

Kansas City Court of Appeals. .

Missouri.

Jan. 11, 1954.

S. W. James, Jr., Jefferson City, for appellant.

Hendren & Andrae, Henry Andrae, Jefferson City, for respondents.

BOUR, Commissioner.

On August 12, 1947, J. C. Bonnot instituted two actions in the circuit court of Miller county. By agreement of all the parties, the actions were tried together before the court without a jury. The actions were not consolidated under section 510.180 RSMo 1949, V.A.M.S., but were simply tried together. Separate judgments were rendered and separate appeals have been taken in the two actions. Each case has been separately docketed in this court, the docket numbers being 21719 and 21720. This opinion disposes of both appeals.

Case No. 21719 is a mechanic's lien suit brought by J. C. Bonnot, a building contractor. The cause was tried upon plaintiff's first amended petition. Defendants Loyd E. Tackitt (now deceased) and Norma W. Tackitt, his wife, were at all times mentioned in the petition the owners, as tenants by the entirety, of a tract of land in Miller county, subject to a deed of trust executed by the Tackitts. Russell T. Keyes and Leon A. Taylor, trustee and beneficiary, respectively, in the deed of trust, were joined as defendants. Plaintiff sought to recover a personal judgment against the Tackitts for the amount ($2,700, with interest from May 24, 1947) alleged to be due him for work done in supervising the construction of a dwelling house for the Tackitts on the land mentioned above, and to have such judgment declared a mechanic's lien on the house and land, prior and superior to the lien of the deed of trust. The Tackitts filed a joint answer. Joined with their answer was a counterclaim of defendant Loyd E. Tackitt for $3,000. Plaintiff's reply was a denial of the new matter in this answer and counterclaim. The trustee and beneficiary in the deed of trust also filed an answer. For reasons

which appear below, it is unnecessary to summarize all of the allegations in the amended petition or to state the contents of the pleadings filed by the defendants. The dwelling house described in the amended petition was referred to by the witnesses as "the large house".

Case No. 21720 is an action brought by J. C. Bonnot to recover a personal judgment against the defendants, Loyd E. Tackitt and Norma W. Tackitt, his wife, in the sum of $822.88, with interest from January 2, 1947, which sum was alleged to be the balance due the plaintiff on an account for building materials sold and delivered to the defendants, at their special instance and request, for use in the construction of three dwelling houses on certain land owned by the defendants and situated in Miller county. At the trial the three houses were referred to as "the small houses". The cause was tried upon an amended petition, and an itemized statement of the account was attached to the petition and made a part thereof. In this case, plaintiff Bonnot did not seek a mechanic's lien on the real estate described in the petition. The joint answer of the Tackitts was a general denial.

After a protracted trial, and on December 22, 1950, the court heard the arguments of counsel for the respective parties and took both cases under advisement. Loyd E. Tackitt died on January 24, 1951. His death was suggested to the trial court on February 15, 1951, and by separate orders of the court Norma W. Tackitt, as administratrix of the estate of her deceased husband, was substituted in his stead as a party defendant in each case. Thereafter, the court entered the final judgments mentioned below.

In Case No. 21719, the mechanic's lien suit, there was a judgment in favor of defendants on plaintiff's petition, and in favor of plaintiff on the counterclaim of Loyd E. Tackitt. From this judgment plaintiff alone appealed. Since no appeal was taken from the judgment for plaintiff on the counterclaim, the decision on that branch of the case is not presented for appellate review. In Case No. 21720 the court rendered judgment for defendants, and plaintiff appealed.

The two cases were presented here in one transcript. This was done because the evidence in each case was intermingled with, and constituted part of, the evidence in the other case. The record is voluminous, consisting of approximately 1,200 pages of testimony and more than 150 exhibits. The brief of J. C. Bonnot purports to cover both cases. The same is true of the brief filed by Norma W. Tackitt in her capacity as an original defendant and as a substituted defendant in each case. No brief was filed in this court by the trustee and beneficiary in the deed of trust mentioned in Case No. 21719. Bonnot's brief lists twelve "points", under the heading "Points and Authorities", some of which have reference to both cases.

■ Bonnot's first point is that "the trial court erred in failing and refusing to make findings of fact and to state conclusions of law in each of said cases, upon request of appellant". He says "the trial court upon written request of appellant in each case, was required to make findings of fact and to state conclusions of law," citing Section 510.310(2) RSMo 1949, V.A.M.S., which is applicable in cases tried upon the facts without a jury. This section of the code provides in part: "If any party shall so request *before final submission of the case,* the court shall dictate to the court reporter, or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if specifically requested by counsel, shall, include its findings on any of the principal controverted fact issues." (Italics ours.) The record shows that Bonnot filed a written request "for findings of fact and conclusions of law" in Case No. 21719 and in Case No. 21720, but he did not do so until nine days after the court had rendered a final judgment in each case. Under the facts, the court was not required to grant his requests. In this connection see Messina v. Greubel, 358 Mo. 439, 215 S.W.2d 456, 459; Maas v. Dreckshage, Mo.App., 244 S.W.2d 397, 403.

■ Bonnot's second "point" is as follows: "In mechanic's lien suit, and suit on

account, tried to court alone without a jury, the appellate court will try the case anew and reach its own conclusion on facts, having regard where evidence is conflicting for peculiar opportunity of trial court to determine credibility of witnesses. Section 510.-310, RSMo 1949, V.A.M.S.; Fitzgerald v. Schaefer, Mo.App., 216 S.W.2d 939, 941." It is obvious that this so-called "point" does not comply with Supreme Court Rule 1.08 (a) (3), 42 V.A.M.S., and does not present anything for review. See cases cited below in connection with our comment on Points III to IX, inclusive.

▮▮▮ Point X in Bonnot's brief reads as follows: "The trial court erred in permitting the defendant to introduce evidence as to OPA ceiling prices on materials. The question of OPA ceiling prices on materials was not an issue in the case, as the only issue was as to whether or not the prices charged for materials were the reasonable prices thereof." (Citing cases.) In the printed argument it is stated that "the question of the OPA ceiling price was not an issue in either case". There is no reference in the printed argument or in the assignment to the page or pages in the transcript where the evidence complained of may be found. This is a violation of Supreme Court Rule 1.08, and we would be justified in ignoring Point X. This court is under no duty to search the voluminous record in order to discover, if possible, errors committed by the trial court. It appears, however, from the brief of Norma W. Tackitt, that the assignment refers to testimony given by Bonnot's witness, William L. Farnham, on cross-examination. We have read all of Farnham's testimony. Now the record shows that the matter of "OPA ceiling prices" was first injected into the case (or cases) by Bonnot's counsel when he asked Farnham on direct examination whether "those prices were the OPA prices at that time", and the witness answered, "I think they were". It is clear that Bonnot was in no position to object when counsel for the Tackitts cross-examined Farnham in regard to the "ceiling prices". In fact the record shows that counsel for Bonnot did not object to such cross-examination or

move to strike out Farnham's answers. Objections to evidence cannot be raised for the first time on appeal. Section 512.160 (1), RSMo 1949, V.A.M.S.

Points III to IX, inclusive, in Bonnot's brief, pertain to Case No. 21719, the mechanic's lien suit, and are as follows:

"III. The court erred in construing the mechanics' lien statute favorably to the respondents and strictly against the appellant in this case. The mechanics' lien statute is highly remedial and should be construed as favorably to mechanics and materialmen as its terms will permit in order to advance its remedial purpose of affording effective security to persons furnishing labor and materials in making improvements on the property of others. (Citing cases.)

"IV. A contractor may make lienable charges for services in superintending the construction of improvements. (Citing cases.)

"V. Where the acts of the wife show that the construction of the home was the joint act of both husband and wife, the property held by them as tenants by the entirety will be subject to a mechanic's lien, although the original contract was signed by the husband alone. (Citing cases.)

"VI. A written contract may be changed, altered or modified by subsequent verbal agreement. (Citing cases.)

"VII. The parties having acted upon substituted modified parol contract, the original written contract not having been performed, constituted sufficient consideration for the new contract modifying the original written contract. (Citing cases.)

"VIII. A written contract may be abrogated, changed or abandoned by the conduct of the parties. (Citing cases.)

"IX. The law is well established that where one party is prevented from completing a contract by the other party, he may recover as though he had completed the contract." (Citing cases.)

**752**

■ Points III to IX, inclusive, as above-quoted, do not comply with Rule 1.08(a)(3), and therefore do not present anything for review. The same is true of Point XII, which need not be set out here. See Daugherty v. Maddox, Mo.Sup., 260 S.W.2d 732, 734; Berghorn v. Reorganized School Dist. No. 8, Mo.Sup., 260 S.W.2d 573, 580; Fosmire v. Kansas City, Mo.Sup., 260 S.W.2d 252; See v. Wabash R. Co., Mo.Sup., 259 S.W.2d 828, 830; Pierce v. New York Cent. R. Co., Mo.Sup., 257 S.W. 2d 84, 88; Gurley v. St. Louis Public Service Co., Mo.Sup., 256 S.W.2d 755, 756; Wipfler v. Basler, Mo.Sup., 250 S.W.2d 982, 986; Gelhot v. Stein, Mo.Sup., 174 S.W.2d 174. See also Hughes v. Aetna Ins. Co., Mo.Sup., 261 S.W.2d 942, 945.

What we have said above disposes of all the points pertaining to Case No. 21719. As indicated, Points I, II and X relate to both cases.

The remaining point (XI) pertains to Case No. 21720, and is as follows: "The appellant, having shown by the evidence in this cause that the materials described in the evidence as purchased from W. L. Farnham & Sons (Plaintiff's Exhibit 41, T. 1395–1397) by the appellant at the special instance and request of defendant Loyd E. Tackitt for use in constructing the smaller buildings, that the materials were delivered to the defendants' premises and used in the smaller houses except for a small quantity thereof, that the prices charged for such materials were the usual and reasonable prices therefor, that the account was correct, that the defendant promised to pay the appellant for such materials, but had failed and refused to pay the balance in the sum of $822.88, was entitled to judgment against the defendant Loyd E. Tackitt in that amount in the suit on account (Case No. 21720) regardless of the fact that all of the materials were not in fact used in the construction of said smaller houses. 1 C.J.S., [Account, Action on] § 15, p. 604." While Bonnot's statement of Point XI does not comply with Rule 1.08 in all respects, we have examined the evidence in this case.

■ To repeat, Case No. 21720 is an action brought by J. C. Bonnot against Loyd E. Tackitt and Norma W. Tackitt to recover a personal judgment for the balance ($822.88, with interest) alleged to be due him on an account for building materials furnished to the defendants, at their special instance and request, for use in the construction of three dwelling houses. Bonnot's evidence showed that he had furnished certain building materials for use in the construction of several houses on land owned by the defendants, under an oral agreement with Loyd E. Tackitt whereby Tackitt agreed to pay Bonnot the actual cost of the materials; that Bonnot purchased the materials from W. L. Farnham & Sons and the prices charged therefor were reasonable; that all of the materials furnished by Bonnot were used in the construction of the small houses except a small part thereof; and that the balance due Bonnot for furnishing the materials was $822.11. The oral agreement between Bonnot and Tackitt included other terms which are not material here. We find no evidence in the record to show that Tackitt's wife, Norma W. Tackitt, was a party to the agreement; and Bonnot does not contend in his brief that he was entitled to a personal judgment against her. He says in Point XI that he "was entitled to judgment against defendant Loyd E. Tackitt". We think the decisive question in this case is whether Bonnot had been paid in full for the building materials in question or whether there was a balance due him on the account for such materials. As stated, the record before us is voluminous. To set out the evidence in the case under discussion would serve no useful purpose. Counsel recognize that the evidence on the question of payment was conflicting. How that question was to be resolved depended very largely upon the credibility of the witnesses. Since the trial judge saw and heard the witnesses, we think this court should defer to his judgment on such conflicting evidence. Bonnot argues, however, that Tackitt had the burden of proving payment and that "he did not sustain the burden". It is true that payment is an

affirmative defense in a case of this character. Silvey v. Herndon, Mo.App., 234 S.W.2d 335, 340. In the instant case, the joint answer of the Tackitts was merely a general denial. The record shows, however, that the evidence of payment was admitted without objection, and Bonnot does not contend that such evidence was inadmissible. Upon the record, we cannot say that the judgment in Case No. 21720 is "clearly erroneous".

For the reasons stated, the judgment in each case should be affirmed, and the commissioner so recommends.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The judgments are affirmed.

All concur.