Allen GUESS, Plaintiff-Respondent,

v.

Kathy LORENZ, Defendant-Appellant.

No. 42139.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 10, 1981.

Paul J. Harris, Vatterott, Shaffar, Dolan & Pepka, St. Ann, for defendant-appellant.

Allen R. Guess pro se.

SNYDER, Judge.

Respondent buyer sued to recover $500.00 of the cost of repairing a used automobile which he purchased from appellant seller. Respondent was awarded $250.00 in the small claims court. The case was then tried de novo without a jury in the circuit court resulting in a judgment for respondent in the sum of $256.00. The seller appeals.

Appellant charges the trial court erred in finding for respondent because respondent failed to prove either fraud or breach of warranty. Appellant's points are meritorious. The judgment is reversed.

Appellant advertised her car, a 1974 Datsun 260Z, for sale in a newspaper in November 1978 and respondent answered the ad. He examined and drove the car and asked appellant questions about its condition. Appellant told him she really liked the car and was selling it because she was buying another car. She pointed out the broken radio antenna, which she said could probably be replaced for about $12, and that the car needed paint and interior repair. Respondent asked appellant about the shocks, the brakes, transmission, engine, rear end, etc. and said, "she assured me that the car was in good shape at that point." During the test drive respondent noticed a noise in the back which appellant said was "just something the car does." Respondent also asked about the 90,000 miles on the car and appellant told him that these were mostly highway miles and not a lot of city driving. Appellant said she told respondent "the engine was sound and everything was running well for me, but I had not replaced anything on the car, except for the alternator."

Respondent purchased the car for $2,995.00. Within two weeks he replaced the rear tires, which were of odd sizes, for $104.00. On December 14, 1978 he took the car in for $218.35 of rear end work. He had the car tuned up for $93.00 and both carburators adjusted for $137.00. Respondent said that when he took the car in for repairs he was told the car needed shocks and a clutch. Respondent said 'he also learned that a new aerial would cost between $70.00 and $110.00 instead of the $12.00 mentioned by appellant.

Respondent telephoned appellant in late February or early March of 1979 and asked her if she would be willing to help pay for repairs to the car. She was not willing. Respondent then filed a suit in the small claims court which resulted in a judgment in his favor in the sum of $250.00. The appellant appealed to the circuit court where a trial de novo also resulted in a judgment for respondent, this time in the sum of $256.00. The trial judge did not make any findings of fact or arrive at any conclusions of law as a basis for his judgment.

On appeal to this court appellant argues that the respondent failed to allege and prove the elements of either fraud or breach of warranty. Both points are ruled in favor of appellant.

Appellant did not, at the time of formation of the sales contract, expressly agree to pay for later repairs to the 1974 Datsun 260Z. But can her statements to the effect

that the car was "in good shape" and that the noise in the rear end was "just something the car does" be taken as express warranties of its condition at the time of sale?

■ Section 400.2–313, RSMo 1978 [1] describes the creation of an express warranty:

"(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

.    .    .    .    .

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, *but an affirmation merely of the value of goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty*." [Emphasis added.]

Respondent apparently considers the appellant's statements, to have been warranties of the car's good condition. But, under the circumstances here, the statements "the car is in good shape" and "that's just something the car does" are not express warranties of its condition. In Official Comment 8,[2] the draftsmen state the rationale of § 400.2–313(2):

"Concerning affirmations of value or a seller's opinion or commendation under subsection (2), the basic question remains the same: What statements of the seller have in the circumstances and in objective judgment become part of the basis of the bargain? As indicated above, [in previous Comments] all of the statements of the seller do so unless good reason is shown to the contrary. The provisions of subsection (2) are included, however, since *common experience discloses that some statements or predictions cannot fairly be viewed as entering into the bargain.* Even as to false statements of value, however, the possibility is left open that a remedy may be provided by the law relating to fraud or misrepresentation." [Emphasis added.]

■ The statements of the appellant in this case were very general. A seller may puff his wares or express his opinion as to the quality and value of his goods even to the point of exaggeration without incurring a warranty obligation. *Turner v. Central Hardware Co.,* 353 Mo. 1182, 186 S.W.2d 603, 606[1–3] (1945).

Appellant was neither a car dealer nor a person who gave any impression of knowledge about cars. Considering all of the circumstances it would not be reasonable to find that her statements were express warranties of the car's condition and the trial court clearly erred in doing so if breach of warranty were the basis of the trial court's judgment.

■ Even if the statements could be construed as warranties of the car's condition at the time of sale, the evidence presented by the respondent is insufficient to support the finding of a breach. Respondent testified to the cost of work done on the vehicle but no evidence was offered to show that these repairs were necessary. The mere fact of subsequent repair does not demonstrate that at the time of sale the car was not "in good shape" for a used car which had been driven 90,000 miles. *See Givan v. Mack Truck, Inc.,* 569 S.W.2d 243, 249 (Mo. App.1978). Respondent could not expect

---

1. All statutory references are to RSMo 1978 unless otherwise noted.

2. The official comments were not enacted by our legislature, nor are they entitled to as much weight as ordinary legislative history. White & Summers, Uniform Commercial Code 13. *See generally* Skilton, Some Comments on the Comments to the Uniform Commercial Code, 1966 Wis.L.Rev. 597. But the official comments have been relied upon to explain the meaning intended by the drafters of article 2 and are useful indicators of the drafters' reasoning. White & Summers, *supra. See Interco Inc. v. Randustrial Corp.,* 533 S.W.2d 257, 262–263[12, 13] (Mo.App.1976).

new car performance, particularly when he was told by the appellant that she had replaced nothing but the alternator.

Nor was there any implied warranty that the car was fit for ordinary purposes under § 400.2–314(2)(c). Implied warranties of merchantability apply only to "merchants" of goods in question by the terms of § 400.2–314(1). The appellant in this case was clearly not a "merchant" of used cars.[3]

This court holds that no warranty, express or implied, was given and that no breach of an alleged warranty was shown. There is no evidence that appellant did not disclose all she knew about the noise in the rear of the car or that she concealed any other known material defect.

There is also insufficient support in the record for a recovery on the basis of fraud. Fraudulent misrepresentation consists of:

"(1) A false, material representation;

(2) the speaker's knowledge of its falsity or his ignorance of its truth;

(3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated;

(4) the hearer's ignorance of falsity of the statement;

(5) the hearer's reliance on its truth and the right to rely thereon; and

(6) proximate injury."

*Huttegger v. Davis*, 599 S.W.2d 506, 511[2, 3] (Mo. banc 1980). *Ackmann v. Keeney-Toelle Real Estate Co.*, 401 S.W.2d 483, 488[2–5] (Mo. banc 1966). The failure to establish any one of these elements is fatal to recovery. *Twiggs v. National Old Line Insurance Co.*, 581 S.W.2d 877, 880[1] (Mo. App.1979).

Even assuming *arguendo* that appellant's statements were representations of fact and not mere expressions of opinion, respondent has failed to establish the falsity of any statement, appellant's knowledge of its falsity or ignorance of its truth or his own ignorance of its falsity, and rightful reliance.

Respondent was made aware of numerous defects, including the noise in the rear end, prior to his purchase of the car. No evidence was introduced to show that, at the time of sale, the auto was defective in any manner not known equally to appellant and respondent. Respondent's contention that appellant must have been aware of the noise in the rear because they both heard it does not advance his argument that she had more knowledge about its cause or seriousness than he did. She told him the noise was "just something the car did," a true statement.

There was no evidence that appellant restricted respondent's examination of the car. He testified that he drove it as much as he wanted.

"Where the parties are on an equal footing and the means of knowledge is equally available to both parties, a misrepresentation or erroneous statement of fact is not actionable. [Citations omitted.] Furthermore, where a party makes his own independent investigation, he will be presumed to have been guided by what he learned and the conclusions he reached and will not be permitted to say that he relied on misrepresentations of another and that he was deceived thereby."

*Consumers Cooperative Association v. McMahan*, 393 S.W.2d 552, 556[5, 6] (Mo. 1965). Respondent was not "disarmed and made credulous" by a prior course of dealing with appellant as was the home buyer in *Shechter v. Brewer*, 344 S.W.2d 784, 788[2] (Mo.App.1961). The general rule

---

**3.** Official Comment 3, § 400.2–314, V.A.M.S.: "A contract for the sale of second hand goods, however, involves only such obligation as is appropriate to such goods for that is their contract description. A person making an isolated sale of goods is not a 'merchant' within the meaning of the full scope of this section and, thus, no warranty of merchantability would apply. His knowledge of any defects not apparent on inspection would, however, without need for express agreement and in keeping with the underlying reason of the present section and the provisions on good faith, impose an obligation that known material but hidden defects be fully disclosed."

that "a person to whom false representations have been made is not entitled to rely on them if he could have discovered the truth by exercising ordinary care and prudence," *id.* 787–788[1], prevents respondent's reliance from being rightful. The point is ruled against respondent.

■ Even accepting as true all of the evidence in the record which favors the judgment, this court finds that respondent has not established breach of warranty, fraudulent misrepresentation or any other theory which would support recovery in this case. Further, there is no basis in the record for the amount of the judgment. "A judgment must be based on something more substantial that mere guess or speculation or the effort of a trial court to compromise litigation." *Brotherton v. City of Jackson,* 385 S.W.2d 836, 841[5–7] (Mo.App.1965). The judgment is not supported by substantial evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The judgment is reversed.

CRIST, P. J., and REINHARD, J., concur.