Ronald M. CLARK, et al., Appellants,

v.

David H. OLSON, et al., Respondents.

No. 68620.

Supreme Court of Missouri,
En Banc.

March 17, 1987.

Rehearing Denied April 14, 1987.

Wesley B. Jennings, Kansas City, for appellants.

Rhonda E. Fawcett, John C. Dods, Kansas City, for respondents.

BILLINGS, Judge.

Plaintiffs Ronald and Kimberly Clark appeal from the trial court's dismissal of their fraudulent misrepresentation claim against defendants David and Cynthia Olson. The Missouri Court of Appeals, Western District affirmed the dismissal and this Court ordered the cause transferred. Mo. Const. art. V, § 10.

The primary questions are whether defendants waived their objection as to plaintiffs' failure to plead fraud with particularity by failing to file a motion for a more definite statement and whether the representation that a house is in good condition is a statement of fact upon which a fraudulent misrepresentation claim may be based. The Court answers both questions affirmatively and reverses and remands.

Plaintiff's petition made the following allegations. Defendants lived in a house in Clay County, Missouri, from about July 1, 1977 to December 12, 1978. Defendants falsely represented to plaintiffs that the house was in good condition. Defendants intended that plaintiffs rely and act upon

this representation. Plaintiffs purchased the house in reliance upon the representation and took possession of the house on December 12, 1978. On December 20, 1978, plaintiffs discovered cracks in the basement floor slabs and foundation along with deformations in the frame of the house. Two weeks later, in a conversation with defendant David Olson, plaintiffs were told that these defects in the house had existed for about 8 months. Plaintiffs were damaged by defendants' representation because it induced plaintiffs to purchase the house at a price in excess of its actual fair market value.

On defendants' motion, the trial court dismissed plaintiffs' fraudulent misrepresentation claim for failure to state a claim upon which relief can be granted. This decision was grounded upon the court's conclusions that plaintiffs failed to plead the circumstances constituting the fraud with particularity as required by Rule 55.15 and that, even if plaintiffs did plead the circumstances of the fraud with sufficient particularity, defendants' alleged representation that the house was in "good condition" was an expression of opinion, not an actionable statement of fact.

In reviewing the dismissal of a petition for failure to state a claim upon which relief can be granted, the petition is construed favorably to plaintiffs; all facts pleaded, and all inferences reasonably drawn therefrom, are accepted as true. *Detling v. Edelbrock*, 671 S.W.2d 265, 267 (Mo. banc 1984); *Bedell v. Daugherty*, 362 Mo. 598, 601, 242 S.W.2d 572, 574 (1951). If the allegations invoke principles of substantive law which would entitle plaintiffs to relief, the petition is to be reinstated. *Detling*, 671 S.W.2d at 267.

■ Under Rule 55.15, all averments of fraud must state with particularly the circumstances constituting the fraud, although malice, intent, knowledge, and any other condition of mind may be averred generally. The elements of fraudulent misrepresentation are:

(1) a representation;
(2) its falsity;
(3) its materiality;
(4) the speaker's knowledge of the falsity or his ignorance of its truth;
(5) the speaker's intent that his representation should be acted upon by the hearer and in the manner reasonably contemplated;
(6) the hearer's ignorance of the falsity of the representation;
(7) the hearer's reliance on the truth of the representation;
(8) the hearer's right to rely thereon;
(9) the hearer's consequent and proximately caused injury;

*Ackmann v. Keeney-Toelle Real Estate Co.*, 401 S.W.2d 483, 488 (Mo. banc 1966).

■ The initial contention for decision is the plaintiffs' argument that the trial court erred in basing its dismissal of their fraudulent misrepresentation claim upon a conclusion that the petition did not plead the facts constituting fraud with sufficient particularity to meet the requirement of Rule 55.15. This Court agrees. Assuming, without deciding, that plaintiffs' petition did not plead fraud with sufficient particularity, this portion of the petition would have properly been subject to a motion for a more definite statement as authorized by Rule 55.27(d). By failing to make such a motion, defendants are deemed, pursuant to Rule 55.27(f), to have waived any objection as to the particularity of the averments of fraud. *Hamilton v. Linn*, 355 Mo. 1178, 1182, 200 S.W.2d 69, 71 (1947) (court was interpreting provisions of what is now Chapter 509, RSMo 1986, which are substantially similar to the Supreme Court Rules); *McGuire v. Bode*, 607 S.W.2d 165, 167 (Mo.App.1980).

■ In their other point, plaintiffs argue that the trial court erred in dismissing their claim because this dismissal was based upon the incorrect conclusion that defendants' alleged representation that the house was in good condition was an expression of opinion, not a statement of fact. Whether a representation is found to be an expression of opinion or a statement of fact is significant. In order for a petition to state a claim for fraudulent misrepresentation it is necessary for the petition to allege

a representation that is a statement of fact. *See Lowther v. Hays*, 225 S.W.2d 708, 714 (Mo.1950). On the other hand, expressions of opinion are insufficient to authorize a recovery for fraudulent misrepresentation because such expressions are deemed not to be material to a transaction. *Wofford v. Kennedy's 2nd Street Co.*, 649 S.W.2d 912, 915 (Mo.App.1983). *See also Lowther*, 225 S.W.2d at 714. Puffing of wares, sales propaganda, and other expressions of opinion are common, are permitted, and should be expected. Those in the marketplace should recognize and discount such representations when deciding whether to go through with a transaction. If the trial court correctly determined that the representation alleged in the petition in this case was only an expression of opinion, then plaintiffs' petition failed to allege a material representation and it should have been dismissed for failure to allege all the elements of fraudulent misrepresentation.

■ The Court concludes that plaintiffs' petition does allege a representation that is a statement of fact. In *Marquis v. Pettyjohn*, 212 S.W.2d 100 (Mo.App.1948), where representations that a truck was a 1938 model in first-class mechanical condition and that the truck's tires had good rubber suitable for long-distance hauling were at issue, the court stated:

> Representations made by defendants ... were not merely expressions of opinion, but referred specifically to the physical condition of a particular truck. They were representations of existing material facts....

*Id.* at 104. Although the representation in the present case was not as extensive as the representations in *Marquis*, it did refer specifically to the physical condition of a particular house. Defendants' alleged representation that this house was in good condition conveys sufficient definite information as to the physical character of the house for that representation to be considered material. Courts in other jurisdictions have reached similar conclusions. *See Green v. George*, 289 Ky. 833, 839, 160 S.W.2d 364, 368 (1942); *Packard Norfolk,*

*Inc. v. Miller*, 198 Va. 557, 562, 95 S.E.2d 207, 211 (1956).

■ *Guess v. Lorenz*, 612 S.W.2d 831 (Mo.App.1981), is not contrary to the conclusion that the alleged representation in this case is a statement of fact because *Guess* involved different circumstances. A given representation can be an expression of opinion or a statement of fact depending upon the circumstances surrounding the representation. 37 Am.Jur.2d *Fraud and Deceit*, § 46 (1968). Accepting the facts of the petition as true, *Detling*, 671 S.W.2d at 267; *Bedell*, 362 Mo. at 601, 242 S.W.2d at 574, defendants in this case had lived in the house for more than a year and knew of the foundation cracks and frame deformations at the time of their representation that the house was in good condition. That was not the situation in *Guess*. The court there held that a representation that a car was in good shape was an expression of opinion and that the plaintiff was not liable in damages for numerous mechanical defects discovered after the car was sold to defendant. 612 S.W.2d at 833–34. That case, however, had gone to trial and there was evidence that the defendant had pointed out certain defects in the car before selling it, *id.* at 832, and there was no evidence that the defendant concealed any other known defects, *id.* at 834. The forthrightness of the defendant in *Guess* in pointing out the known defects, coupled with the impression she gave of having no knowledge of the intricacies of automotive mechanics, indicates that her representation that the car was in good shape was simply an off the cuff remark meant as a general expression of opinion, not as a statement of fact intended to put plaintiff off his guard.

*Strebler v. Rixman*, 616 S.W.2d 876 (Mo. App.1981), likewise is of no help to defendant. The court there held that the representation that a boat was a good boat was merely an expression of opinion. *Id.* at 878. Describing a boat as a good boat does not necessarily refer to the boat's physical condition. The boat may be a good boat to the speaker for personal reasons having nothing to do with the objective condition of the boat.

Having concluded that the trial court based its dismissal of plaintiffs' claim upon grounds that did not support dismissal, this Court now turns to alternative grounds, which defendants assert do support the dismissal. Defendants argue that the claim should have been dismissed because it failed to allege that plaintiffs had a right to rely on any representation of defendants and therefore did not allege all the elements of fraudulent misrepresentation. The right to rely, however, may be shown by the factual allegations set forth in the pleadings without the necessity of specifically alleging a right to rely. *See Messina v. Greubel*, 358 Mo. 439, 443, 215 S.W.2d 456, 458 (1948). Plaintiffs' petition shows a prima facie right to rely on defendants' representation because it alleged that defendants had lived in the house for more than a year before selling it to plaintiffs and thereby indicated that defendants were in a better position to know the truth than plaintiffs. *See id.* at 443, 215 S.W.2d at 458.

Defendants also argue that the dismissal of plaintiffs' petition was proper because plaintiffs, as a matter of law, were not entitled to rely on defendants' representation. In support of this argument, defendants rely on evidence outside of the petition. The argument is therefore without merit because, in the review of the dismissal for failure to state a claim, only the allegations of the petition are to be considered. *See Detling*, 671 S.W.2d at 267.

It is the conclusion of this Court that the averments of plaintiffs' petition do invoke principles of substantive law which, if proven, would entitle plaintiffs to relief.

The judgment of dismissal is reversed and the cause is remanded to the trial court for further proceedings.

HIGGINS, C.J., and BLACKMAR, DONNELLY, ROBERTSON and RENDLEN, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent.

If saying that a house "is in good condition" is sufficient to state a cause of action in fraud, every residential real estate transaction in this state has the potential for spawning a suit for fraudulent misrepresentation.

Real estate brokers desiring to fully represent and advise their clients should be alerted to place an additional blank on the closing statement following "net to seller." It should be designated "amount recommended for reserve against suit for fraud to follow."