**Richard T. LOGAN, and Arlene Logan, Appellants,**

v.

**Frank H. AMBERSON, Respondent.**

**No. WD 40243.**

Missouri Court of Appeals, Western District.

Dec. 20, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1989.

J. Michael Murphy, Liberty, for appellants.

Brian Timothy Meyers, Kansas City, for respondent.

Before SHANGLER, P.J., and CLARK and COVINGTON, JJ.

CLARK, Judge.

Appellants sued respondent Frank H. Amberson and the second defendant below, Amberson and Associates, Inc., in a three count petition alleging claims arising out of appellants' purchase of a residence. In a jury trial, the court submitted only Count II which asserted that defendants had breached an implied warranty of merchantable quality in the home. The jury returned separate verdicts for appellants against both defendants awarding judgments of $15,000.00 against each. On motion by respondent, the court entered judgment in his favor, notwithstanding the verdict, leaving appellants with judgment against Amberson and Associates, Inc., alone. The latter has not appealed.

Appellants on this appeal contend the verdict against respondent should be reinstated and they also urge error in the trial court's refusal to submit appellants' petition Count III for fraudulent conversion.[1] Affirmed.

Appellants' suit followed their purchase and occupancy of a newly constructed residence in Clay County. In the count for breach of implied warranty, appellants asserted that the builder owed a duty to construct the house in a skillful and workmanlike manner, free from defects in workmanship and materials. The structure as sold to appellants was alleged to have numerous defects including cracks in the foundation and leaks in the roof. The petition alleged that the cause of action lay against the named defendants who acted individually and, as to defendant Frank H. Amberson, as agent for Amberson and Associates, Inc.

It was appellants' theory in their cause of action against respondent that in the negotiations leading to the sale agreement, he purported to be acting as an individual, he made no mention of the involvement of any corporation and when appellants signed the real estate sale contract, they believed the builder and the seller of the home was respondent. This premise was supported by appellants' documentary evidence consisting of the first sale contract, a second sale contract and two other associated agreements, none of which made men-

---

1. Appellants' first petition count for breach of contract was abandoned by appellants and is not in issue.

tion of a corporate party or the fact that respondent's signature was as a corporate officer. The identity of the corporation was, however, disclosed before the transaction was concluded, it being undisputed that the corporation owned the property, was the entity which built the house and alone executed the deed which conveyed the property to appellants.

Under this evidence, the court submitted the case on appellants' jury instructions which provided for a recovery of damages by appellants against both defendants. The instructions were packaged as to each defendant. The first package, applicable to the claim against respondent, included the following:

> Your verdict must be for plaintiffs if you believe:
>
> First, defendant Frank Amberson sold the residence at 2504 Northeast 66th Street, and * * *.
>
> (Instruction No. 7)

The second package of instructions applicable to the claim against Amberson and Associates, Inc., included the following:

> Your verdict must be for plaintiffs if you believe:
>
> First, defendant Frank Amberson was acting within the scope and course of his ·employment by defendant Amberson and Associates, Inc., and
>
> Second, defendant Frank Amberson sold the residence at 2504 Northeast 66th Street, and * * *.
>
> (Instruction No. 10)

Apart from the portions quoted above, Instructions 7 and 10 were identical. Separate verdict forms were supplied for each package, and no instruction precluded the jury from finding, as it did, in favor of appellants and separately against both defendants.

The post-verdict motion by respondent, which the trial court sustained, asserted that plaintiffs had made no submissible case against Frank H. Amberson, the individual. Appellants contend here that the finding which prompted the court to sustain the motion was in error because there was substantial evidence from which the jury could have found Frank Amberson built and sold appellants a defective house.

■ The theory of appellants' Count II claim was based on the doctrine set out in *Smith v. Old Warson Development Co.*, 479 S.W.2d 795 (Mo. banc 1972). That case declared, for the first time in Missouri, that the strict rule of caveat emptor in the sale of a new house would no longer apply. The purchaser in such circumstances is granted a right of recovery against the builder-vendor under an implied warranty of habitability or quality where structural defects are present in consequence of poor workmanship or substandard materials or both. The remedy and right of action allowed in *Old Warson* is contractual and extends to cover latent structural defects in a house. *San Luis Trails Ass'n v. E.M. Harris Building Co.*, 706 S.W.2d 65, 68 (Mo.App.1986). The contractual nature of the implied warranty limits the cause of action to the first purchaser of the house from the builder. *Crowder v. Vandendeale*, 564 S.W.2d 879, 881 (Mo. banc 1978), *overruled on other grounds, see Sharp Bros. Contracting Co. v. American Hoist & Derrick Co.*, 703 S.W.2d 901, 903 (Mo. banc 1986).

Under the *Old Warson* doctrine, a plaintiff suing for breach of the implied warranty of quality must prove, to establish a submissible case, that he was the original purchaser of a residence, that the seller from whom he made the purchase was the builder of the house and that the structure had latent defects attributable to deficiencies in workmanship or materials or both. Obviously, if the plaintiff's vendor was not the builder of the house, no cause of action may be stated because in that event, the plaintiff would not be an original purchaser.

■ In the subject case, the uncontested fact that respondent never owned the property in question precluded any possibility for appellants to state any cause of action for breach of implied warranty against him because respondent was not the vendor of the house. Conversely, if respondent was the actual builder, as appellants seem to assert, then no cause of action could be stated under this theory against Amberson and Associates, Inc. The *Old Warson* theory of liability applies only where the builder and vendor are one and the same.

The error in appellants' cause lay in their failure to settle upon a claim either against respondent as builder-vendor or against Amberson and Associates, Inc., as builder-vendor. Although more than one person, firm or corporation could be responsible if all acted together to construct a residence and sell it to the first purchaser, such as appellants, that was not a possibility in this case because of the absence of any evidence that respondent ever had any ownership interest in the subject property. Moreover, the verdict directing instructions were contradictory, confusing and misleading on the issue. If, as Instruction No. 10 postulated, respondent was acting within the scope and course of his employment by Amberson and Associates, Inc., when he sold the residence to appellants, he could not have been liable to appellants as vendor under the factual findings of Instruction No. 7 quoted above.

Appellants plainly made no submissible case against respondent for breach of implied warranty and they were not entitled to judgment against respondent. The verdict against Amberson and Associates, Inc., was also flawed because of the erroneous jury instructions and the contradictory verdicts, but Amberson and Associates, Inc., have not appealed and that issue is therefore not before us. Appellants' first point is denied.

In their second point, appellants contend the court erred when it refused to submit their Count III claim for fraud. That claim was based on the allegation that respondent represented to appellants that if they purchased the house, a Homeowners Warranty insurance policy would be provided. No such policy was furnished and the petition alleged that respondent knew no policy would be issued.

As the evidence developed, it became apparent that the dispute was not over a representation that the residence would qualify for Homeowners Warranty insurance, but who would pay the premium. According to appellants, the premium was to have been included in the sale price. According to respondent, the coverage would have been available had appellants been willing to assume the premium charge. It was agreed that no policy was issued and appellants knew or should have known of that fact at or after the closing of the sale when no policy was delivered. The subject of the Homeowners Warranty policy was not raised by appellants until more than two years after the purchase had been concluded.

■ If it be assumed for purposes of the point that the petition allegation was sufficient in the matter of the Homeowners Warranty policy and that appellants did not waive their claim by closing the transaction without obtaining the policy which they contend was a component of the sale, they nevertheless failed to prove the essential elements of a fraud claim.

Among the elements of a case of fraudulent misrepresentation is evidence that the hearer of the misrepresentation relied on the truth of the representation which must have been material to the transaction. *Clark v. Olson*, 726 S.W.2d 718, 719 (Mo. banc 1987). In the present case, appellants did not testify that they relied on receipt of a Homeowners Warranty policy, as a condition to making the purchase of the residence, as obviously they could not do considering the fact that they closed the transaction without protest until some two years later. Moreover, Mrs. Logan testified that they would have bought the house regardless of the issuance of the policy. According to her, the decision to buy the house was made before the subject of the policy was discussed.

On appellants' evidence no case of fraud was made because the alleged representation was shown not to have been material and appellants placed no reliance on it as a basis for deciding to buy the residence. The court did not err when it directed a verdict for defendants on appellants' petition Count III.

THE JUDGMENT IS AFFIRMED.

All concur.