**Marjorie WATKINS, Plaintiff–Appellant,**

**v.**

**Abe GROSS, Defendant–Respondent.**

**No. 54888.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 27, 1989.

Fred Roth, Clayton, for plaintiff-appellant.

Richard J. Boardman, Neil Bruntrager, Mary B. Schroeder, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment notwithstanding the verdict in favor of defendant in this case based upon fraud. We affirm.

Defendant was the owner of real estate in the City of St. Louis which throughout his ownership of 12 or more years, and previously, had been utilized as a tavern and restaurant. Defendant had leased the premises to the tavern operator. He was not involved in the tavern operation. He did operate a pharmacy in the adjacent building which he also owned. He did not reside in the neighborhood. Prior to May 1982, the operator of the tavern had, for health reasons, ceased operation of the tavern and restaurant. Plaintiff became aware of the availability of the tavern and restaurant and contacted the defendant about leasing the premises. In the course of discussions defendant stated that "there had been a bar there for I don't know how many years and you shouldn't have any trouble" obtaining a liquor license. Plaintiff testified that based upon this statement she entered into the lease, expended money to acquire fixtures and furniture, had inspections made of the premises by various City inspectors and attempted to obtain a liquor license. She was unsuccessful in obtaining the liquor license because she was unable to obtain the required approval of neighboring residents and landowners as required by the City ordinances.

At trial defendant admitted having made the statement that he did not believe she would have any trouble obtaining a liquor license. Plaintiff produced a witness who testified that a year before the lease of May 19, 1982, he had stated to defendant that he intended to protest a renewal of Millie Sydor's license. Ms. Sydor was the former operator of the tavern. The following questions and answers appear during the witness' direct examination:

"Q. Okay. Now, did you ever tell Mr. Gross at any time prior to seeing Mrs. Watkins that you were going to protest both Millie Sydor and anybody else that applied?

A. No, sir, I didn't go that far with it.

Q. You never told that to Mr. Gross?

A. I did say Millie Sydor. That was a year before I got the petition. Just Millie Sydor.

Q. You told Mr. Gross you were going to protest Millie Sydor.

A. Yes."

In fact, the witness made no protest of two subsequent renewal applications by Ms. Sydor. The witness did not see Mrs. Watkins until after the execution of the lease and after her acquisition of fixtures and furniture from Ms. Sydor on May 18, 1982. The witness' opposition to the tavern arose because of the presence in the tavern at times of a particular troublemaker who caused fights and who was, prior to Ms. Watkins' involvement, put into prison. Protests were filed by some neighborhood residents against renewal of Ms. Sydor's license albeit she did not seek renewal. The earliest date shown for the filing of such protests was May 28, 1982, ten days after Mrs. Watkins signed the lease. There was no evidence that defendant was aware of these protests. In fact, the Watkins' license was refused, not because of the protests, but because plaintiff failed to obtain the required number of signatures. Plaintiff also premises her allegation of misrepresentation upon defendant's purported knowledge of prior fights and disturbances on the premises. This was based solely on defendant's testimony, "Well, I guess any tavern, I guess, would have trouble occasionally. I guess there must have been some trouble but I wasn't there in the evening." The only testimony of the number of fights or disturbances in the tavern was one witness who generally remembered one or two.

The jury returned a verdict for plaintiff of $30,000. The trial court granted defendant's motion for judgment notwithstanding the verdict on the basis that the evi-

dence failed to establish eight of the nine elements of a fraud case.

We need not set forth herein the nine elements of fraud. For those see *Clark v. Olson,* 726 S.W.2d 718 (Mo. banc 1987) [1]. A claim of fraudulent misrepresentation must be based upon a representation that is a statement of fact. *Id.* [3, 4]. Expressions of opinion are insufficient to authorize a recovery for fraudulent misrepresentation because they are deemed not to be material to a transaction. *Id.* Mere statements of opinion, expectations and predictions for the future are insufficient to authorize a recovery for fraudulent misrepresentation. *Arnott v. Kruse,* 730 S.W.2d 597 (Mo.App.1987) [1].

Defendant's statement that plaintiff "should have no trouble" obtaining a liquor license was clearly an expression of opinion, expectation, and prediction for the future. It was specifically based upon the fact that the leased premises had been utilized continuously as a tavern for many years—a fact which was true. Defendant did not purport to base that opinion on any superior knowledge or expertise and plaintiff had no basis for believing that defendant had such superior knowledge or expertise. *See Dawes v. Elliston,* 369 S.W.2d 285 (Mo.App.1963) [3, 4]. There was no evidence that defendant had any information that substantial opposition to the tavern existed in the neighborhood and therefore had any basis to believe that his opinion was incorrect. We cannot accept plaintiff's argument that the fact that he did business in the neighborhood allows an inference to be drawn that he was aware of substantial opposition to the tavern.

We are unable to conclude that his knowledge that one resident a year earlier had expressed an objection to renewal by the previous owner because of problems created by one individual no longer in the neighborhood would reasonably require defendant to believe that plaintiff could not obtain a license. This is particularly true where that one resident had in fact made no objection to two subsequent renewals by the prior owner. The record does not es-

tablish that defendant made any material misrepresentation of a material fact and the trial court correctly entered judgment for defendant. In view of our conclusion it is unnecessary for us to address other elements of a fraud case.

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.