Gerald E. JONES, et al., Plaintiffs–
Appellants,

v.

Raymond JONES, Defendant–
Respondent.

No. 59437.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 10, 1991.

Gregg W. Keegan, St. Louis, for plaintiffs-appellants.

Irving L. Cooper, Daniel M. Roddy, Clayton, for defendant-respondent.

PER CURIAM.

Appellants, Gerald Jones and other lawful heirs of the late Mary E. Wallace, appeal the dismissal of their petition for damages and punitive damages in the Circuit Court of the County of St. Louis. We dismiss the appeal.

We note at the outset that the facts in this case are extremely unclear. This is

not due to any special complexity of the facts at hand, but to the very disorganized appellants' brief. Were it not for a statement of facts provided in the respondent's brief, we would have absolutely no idea of the facts in this case.

According to respondent, appellants retained an attorney to seek the removal of respondent as personal representative of the estate of Mary Ellen Wallace. The basis of appellants' displeasure with respondent's handling of the estate was a claim that respondent fraudulently concealed the fact that appellants were heirs of the decedent. The record is silent as to whether appellants succeeded in this effort, but the instant action was filed on March 26, 1990, seeking damages for attorney's fees ($3,800.00) and punitive damages ($3,000.00).

On April 26, 1990, respondent filed a motion to dismiss for failure to state a claim, which was called on May 16, 1990. However, appellants were given an additional two weeks to file a memorandum of law in support of their position. The court eventually granted respondent's motion on September 10, 1990.

Appellants filed a motion to set aside the order entered on September 10, 1990, which was called, heard and denied on November 29, 1990. This appeal followed.

We find repetitive and egregious violations of Rules 84.04(a), (c), (d), (e) and (h) scattered throughout appellants' brief. Appellants, after notice from the court, were given an opportunity to amend their brief, but the errors remain. Violations of the rules of appellate procedure are grounds for dismissal of an appeal. *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535 (Mo.App., E.D.1987). Appellants' "Points Relied On" section is as follows:

C.R. 55.28
(Mo) *Judd v. Walker*
215 Mo. 312 [114 S.W. 979]
*Abbey v. Heins*
(App.) 546 SW (2nd) 553
*Messina v. Greubel*
(Mo) 358 Mo. 439, 215 SW (2nd) 456

*Maples v. Porath*
638 S.W.2d 377 (Mo.App., 1982)

Obviously, the above section states neither wherein nor why the trial court erred; thus, this court is given nothing to review. Rule 84.04(d); *In re Estate of Ross*, 790 S.W.2d 514, 515–16 (Mo.App., E.D.1990). The argument portion of the brief is little better, leaving us nothing even suitable for *ex gratia* review. Therefore, we have no choice but to dismiss the appeal.