**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Larry Allen COSTNER,**
**Defendant-Appellant.**

No. 80–2021
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 29, 1981.

---

4. *See* note 1, *supra*.

Ronald W. Quillin, Fort Worth, Tex., for defendant-appellant.

Paul Coggins, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, AINSWORTH and GARZA, Circuit Judges.

PER CURIAM:

In June of 1980, a white male wearing a ski mask and wielding a gun robbed the Olney Savings and Loan Association in Azle, Texas. The robber left the scene in a brown Chevrolet pickup truck bearing Texas license plates driven by another white male with long brown hair. The ski mask was later found after a witness observed objects being thrown from a brown pickup. A license plate check revealed that the vehicle belonged to Darrell C. Baldwin.

Within approximately two hours of the robbery, law enforcement officers visited the residence of Baldwin. No one was home, but a short while later, a white Plymouth drove up to the driveway. Two males in the car fit the basic description of the robbers. An FBI agent on the scene motioned the driver of the Plymouth to pull into the driveway. The car did so but before it had come to a stop, one of the passengers, who turned out to be the appellant Costner, jumped from the car and ran. Officers later found Costner in a wooded area near Baldwin's residence. Costner was arrested and searched at which time the police discovered a bandana and currency bills whose serial numbers did not match those on a "bait list" supplied by the savings and loan association. The bandana was later found to contain nylon strands similar to those in the ski mask which had been recovered after the robbery.

During the search for Costner, the driver of the Plymouth who identified himself as Baldwin was arrested. Baldwin was ad-

vised of his *Miranda* rights. Baldwin refused to consent to a search of the pickup but stated that it belonged to his wife. Baldwin's wife freely conversed with the officers who by her own testimony did not threaten or intimidate her. Baldwin's wife told the officers that the truck was hers and signed a consent form allowing a search of the truck. A subsequent search of the truck revealed currency bills, two of which contained serial numbers matching those on the bank's "bait list." The officers also found a pistol and ammunition.

Costner was indicted for robbery of a federally insured savings and loan association by use of a deadly weapon in violation of 18 U.S.C. §§ 2113(d) and 2. Costner filed a Motion to Suppress which was denied after a hearing. He was then tried before a jury which convicted him of the charge.

On appeal, Costner challenges the search of both himself and the Plymouth. Costner also contends that the district court should have granted his Motion for Mistrial based upon juror prejudice due to newspaper accounts concerning Costner.

■ Costner apparently challenges the right of the officers to have motioned the Plymouth to stop. Law enforcement officers may conduct an investigative stop on the basis of reasonable suspicion. *United States v. Martin*, 636 F.2d 974, 976 (5th Cir. 1981); *United States v. Osborne*, 630 F.2d 374, 378 (5th Cir. 1980). The officers had been given descriptions of both robbers and knew the license plate numbers of the getaway truck. The license plate check directed the officers to Baldwin's residence at which time a car was seen heading for Baldwin's driveway. The officers decided to inquire into the identities of the passengers since two of the occupants fit the general physical descriptions of the robbers. These factors were more than sufficient to create reasonable suspicion in the minds of the officers to stop the Plymouth.

■ Although reasonable suspicion is insufficient to justify an arrest, additional facts that develop after a legal stop may create the probable cause necessary to ef-

fectuate an arrest. *United States v. Hall*, 557 F.2d 1114, 1117 (5th Cir. 1977), *cert. denied*, 434 U.S. 907, 98 S.Ct. 308, 54 L.Ed.2d 195 (1977). Probable cause for an arrest exists when reasonably trustworthy facts and circumstances are within the knowledge of the arresting officers to warrant a reasonable belief that an offense has been or is being committed. *United States v. Forrest*, 620 F.2d 446, 453 (5th Cir. 1980). Following the legal stop of the Plymouth, the fleeing of Costner from the officers was a sufficient additional factor to increase their reasonable suspicion to probable cause to arrest Costner. The subsequent search of Costner was valid as one incident to his arrest.

■ Costner has no standing to challenge the search of the Plymouth since he has never asserted any right of a legitimate expectation of privacy in the car, which is required under *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619, 628 (1980). We thus need not reach the merits of this issue.

The news story which Costner contends was prejudicially harmful referred to a prior bank robbery committed by Costner in North Carolina. Costner concedes that the trial judge followed all the proper procedures in handling this matter as outlined in *United States v. Herring*, 568 F.2d 1099, 1104–05 (5th Cir. 1978). Costner contends, however, that the subconscious absorption of such information by the jurors demands a mistrial. Although a few jurors were dimly aware of the existence of the story, all of them stated that they had not read the article. The trial judge determined that there had been no prejudice.

■ In determining alleged juror prejudice, the trial judge is given wide discretion. *United States v. Goodman*, 605 F.2d 870, 882 (5th Cir. 1979). Further, Costner was required to demonstrate an actual identifiable prejudice attributable to the story on the part of a member or members of the jury. *Mayola v. State of Alabama*, 623 F.2d 992, 996 (5th Cir. 1980). Considering that the trial judge was meticulous in examining the jurors for the existence of prejudice and

that Costner failed to demonstrate any identifiable prejudice on the part of the jurors, we find this argument on this matter to be totally without merit.

AFFIRMED.