UNITED STATES of America,
Plaintiff-Appellee,

v.

John J. MULLER, Defendant-Appellant.

No. 81–5441.

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1983.

Before FAY and CLARK, Circuit Judges, and MARKEY *, Chief Judge.

FAY, Circuit Judge:

John J. Muller appeals his conviction on fourteen counts of mail fraud in violation of 18 U.S.C. Section 1341 and two counts of filing false income tax returns in violation of 26 U.S.C. Section 7206(1) and (2), on the grounds that he was denied his Sixth Amendment right to an impartial jury by the bifurcated jury trial used by the district court, and that there was not sufficient evidence to support the jury's verdict of guilty. We affirm the conviction.

## FACTS

Mr. Muller was indicted on fourteen counts of mail fraud and two counts of filing false income tax returns. Both sides presented evidence on the mail fraud counts and the jury returned a guilty verdict as to them. Then, both sides presented evidence to the same jury on the filing of false income tax returns and the jury also returned a guilty verdict as to them. Mr. Muller appeals his convictions at this bifurcated trial procedure.

## IMPARTIAL JURY

Mr. Muller argues that the bifurcated trial procedure used by the district court denied him his Sixth Amendment right to a fair and impartial jury. Specifically, he argues that evidence presented on the mail fraud counts and the resulting guilty verdict so prejudiced the jury that it could not impartially consider the evidence on the filing of false income tax return counts.

■ There can be no doubt that jury service in prior cases can, as a matter of law, lead to such prejudice that service in a later trial would deny the defendant his right to an impartial jury. This can occur

Michael E. Zealy, Davie, Fla., for defendant-appellant.

Terence J. Lynam, Lucy L. Thomson, Ronnie Edelman, Dept. of Justice, Criminal Division, Washington, D.C., for plaintiff-appellee.

* Honorable Howard T. Markey, Chief Judge for the Federal Circuit, sitting by designation.

when the prior jury service was in the trial of a co-defendant, *United States v. Diaz-Munoz,* 632 F.2d 1330 (5th Cir.1980); or even when the prior jury service was in the trial of other persons charged with offenses similar to the present defendants. *United States v. Mutchler,* 559 F.2d 955 (5th Cir. 1977). These principles of fairness lead to the conclusion that a defendant may not be tried by the same jury for two *separate* offenses. However, the Federal Rules of Criminal Procedure allow for the joinder of charges if the offenses "are of the same or similar character or are based on the same act or transaction...." Fed.R.Crim.P. 8(a). In this case the defendant was charged with a mail scheme to defraud his employer. By this scheme the defendant converted money to his own use and it became personal income. This personal income was not reported on the defendant's federal income tax returns. Failure to report this personal income was the basis of the tax charge. Therefore, the government had to prove the same facts to convict the defendant of both the mail fraud and the filing of false income tax returns offenses. The same money was a crucial element of both crimes.

Because both offenses were "... of similar character and based on the same act or transaction," joinder of the charges was proper. No severance or separate trial was required. The judge chose to allow the jury to consider the offenses separately, and while we do not encourage this particular procedure, there has been no violation of Mr. Muller's constitutional rights. Had the evidence been presented in the usual way for joined charges—i.e., all at the same time—the jury would have heard the same evidence that they had in fact heard before deliberating on the tax charge. No prejudice occurred because of the trial court's procedure.

 Mr. Muller also argues that he was denied a fair and impartial jury because he was forced to exercise a peremptory challenge to exclude a juror who should have been dismissed by the court for cause. The district court conducted voir dire of all prospective jurors, asked questions from the bench and allowed counsel for both sides to ask questions. The court evaluated the potential bias of the witness in question based on a thorough examination of the prospective juror's views. Mr. Muller points to a single statement of the potential juror in question as the basis for his claim.[1] But a careful review of the record clearly shows that the district court had a sound basis for concluding that the juror would be an impartial juror. The court's determination as to a juror's actual bias will be reversed only for a manifest abuse of discretion. *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); *United States v. Costner,* 646 F.2d 234 (5th Cir.1981); *United States v. Horton,* 646 F.2d 181 (5th Cir.1981); *United States v. Goodman,* 605 F.2d 870 (5th Cir. 1979). There has been no abuse of discretion here.

 We also find no merit to the appellant's argument that the evidence was insufficient to support the jury verdict of guilty. In assessing the sufficiency of the evidence supporting a criminal conviction, the standard of review is: "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence." Viewing the evidence presented in this case and the inferences that may be drawn from it in the

---

1. The statement was made by prospective juror number 111, Mr. Theodore Gelman, a stockbroker with no particular expertise or contact with the commodities field. His statement was an affirmative response to a question whether it would be difficult to condone futures salesmen who called people about sales and whether it "would be difficult to sit in judgment on a case like that...." Trial transcript p. 99. Further examination by both attorneys and the court satisfied the court that Mr. Gelman could be a fair juror. After denial of Mr. Muller's request that Mr. Gelman be struck for cause, Mr. Muller exercised a peremptory challenge to excuse this juror.

light most favorable to the government, *see, e.g., Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), we conclude that it was sufficient to sustain the convictions.

The convictions are AFFIRMED.