803 F.2d 1181
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Cecil Rex MCCALLA, Appellant.
 No. 86-5111.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 6, 1986.
Decided Oct. 21, 1986.
 
 Melvin Anthony Marshall, for appellant.
 James Michael Sullivan, Special Assistant, United States Attorney (William G. Otis, Assistant U.S. Attorney; Henry E. Hudson, United States Attorney on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before WINTER, Chief Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant appeals his conviction for possession of cocaine with intent to distribute. He argues that the district court wrongly denied his motion to suppress certain evidence. Finding no error, we affirm.
 
 
 2
 Defendant asserts that the district court erred by admitting hearsay testimony at the suppression hearing. This argument has no merit. Federal Rule of Evidence Rule 104(a) provides that the court at a preliminary proceeding is not bound by the rules of evidence except for the rules governing privileges. Thus, the Supreme Court has reversed a district judge's refusal to admit hearsay at a suppression hearing. United States v. Matlock, 415 U.S. 164, 172-75 (1974). It is possible that heavy reliance on unsupported hearsay at a suppression hearing may raise a constitutional question. In this case, however, the district judge based his findings mostly on live testimony; he relied on hearsay merely to supplement that testimony.
 
 
 3
 We also reject defendant's claim that the government agents "seized" him without a reasonable suspicion when they approached him outside the airline terminal. The encounter was not a Terry stop. The agents did not restrain the liberty of the defendant; they merely approached him and asked him whether he would answer some questions.
 
 
 4
 Nor can we agree with defendant's assertion that the agents lacked probable cause to arrest. The defendant behaved suspiciously when he deplaned, carried no luggage, wore light clothing even though it was snowing outside, lied when asked about his plane flight, and fled when asked about drugs. Although none of these factors alone would supply probable cause, they are more than sufficient when considered together. See United States v. Costner, 646 F.2d 234, 236 (5 Cir.1981).
 
 
 5
 Finally, we affirm the district court's holding that the confession was voluntary. This finding was not clearly erroneous; indeed, the record contains ample evidence to support it.
 
 
 6
 AFFIRMED.