Lonnie HOWARD, Petitioner-Appellant,

v.

Mr. Leoneal DAVIS, Donald Siegelman,
Respondents-Appellees.

No. 86–7251.

United States Court of Appeals,
Eleventh Circuit.

May 4, 1987.

Edwin K. Livingston, Montgomery, Ala., for petitioner-appellant.

James F. Hampton, Sp. Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before FAY and JOHNSON, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Lonnie Howard appeals the denial of his petition for a writ of habeas corpus by the United States District Court for the Middle District of Alabama. For the reasons stated herein, we affirm the judgment of the district court.

Howard was convicted in 1981 for murder in the Circuit Court for Tallapoosa County, Alabama and was sentenced to twenty years imprisonment. He subsequently pleaded guilty to a charge of assaulting the state trooper who had arrested him and was sentenced to five years on this charge. His murder conviction was affirmed by the Alabama Court of Criminal Appeals. *Howard v. State*, 417 So.2d 599 (Ala.Crim.App.1982).

Howard instituted an action in the federal district court under 28 U.S.C. § 2254 (1977) alleging fourteen grounds for relief. The district court dismissed this action based on a finding that only five of the fourteen issues had been exhausted in the state courts. Howard then filed a petition for writ of error coram nobis in the state trial court seeking relief on the nine unexhausted claims. This petition was denied on November 14, 1984.

On November 30, 1984, Howard, proceeding *pro se*, filed this petition. After the appointment of counsel the petition was amended to allege the same fourteen grounds of error that had been asserted in the previous petition, plus an additional claim directed at the state's failure to appoint a qualified psychiatrist to assist him in the defense of his murder charge, in reliance on *Ake v. Oklahoma*, 470 U.S. 68,

105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Because this new claim had not been exhausted, the magistrate proceeded to determine the exhausted issues on the merits and allowed Howard to present his unexhausted *Ake* claim in state court without waiving his right to pursue this new ground in federal court at a later date.

The magistrate conducted an evidentiary hearing on November 22, 1985, and on January 30, 1986, filed his report recommending denial of the writ. The district court adopted the magistrate's report and recommendation and this appeal followed.

As a threshold matter, we must first address the issue of whether the district court erred in refusing to consider Howard's unexhausted *Ake* claim. 28 U.S.C. § 2254(b) (1977) makes clear the mandatory nature of the exhaustion requirement:

An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner.

Howard contends that although he has not satisfied the requirements of § 2254(b) with respect to his *Ake* claim, his failure to exhaust should be excused because a state court inquiry into the issue would be futile. Futility of exhaustion is recognized in this circuit as an exception to the exhaustion requirement of § 2254(b). *Allen v. State of Alabama*, 728 F.2d 1384 (11th Cir.1984); *Westbrook v. Zant*, 704 F.2d 1487 (11th Cir.1983). This case, however, fails to fit within the narrow exception for futility. Howard argues that because the state court failed to reach the merits of nine of his original grounds of error, it would not consider the merits of his *Ake* claim. It is true that the state court failed to address the merits of Howard's allegations at the coram nobis hearing. Apparently, the state court lost its patience with Howard's demands that witnesses living outside the court's subpoena

jurisdiction be subpoenaed. The court advised the petitioner that he could proceed without the witnesses and without an attorney. Howard resisted going forward under those circumstances, whereupon the court denied his motion for a writ. While this treatment may seem harsh, it does not dictate a finding that the *Ake* claim will receive inadequate attention in the state court. We have no reason to believe that the Alabama state court will refuse to give this issue serious consideration. We therefore conclude that the district court was correct in its refusal to entertain the unexhausted *Ake* claim, and we proceed to consider the merits of Howard's appeal from the denial of his other grounds for relief.[1]

■ Howard first challenges the district court's failure to excuse a specific juror for cause, thereby forcing him to use one of his allotted strikes. Two prospective jurors, Corley and Jones, indicated that they had each been a close friend of the deceased. The court excused Jones because he stated that he would not "feel right" about sitting on the case. The court refused to excuse Corley however, because he stated that he could be an impartial juror in spite of his relationship with the victim. We find no manifest abuse of discretion, *United States v. Muller,* 698 F.2d 442 (11th Cir.1983), nor do we find that the district court erred in holding that the defendant failed to demonstrate actual identifiable prejudice on Corley's part, *United States v. Costner,* 646 F.2d 234 (5th Cir. Unit A May, 1981).

Howard next urges that the state trial court erred in permitting a state expert witness to testify regarding the defendant's sanity after he had withdrawn his insanity defense. In his opening statement Howard's attorney asserted a defense of not guilty by reason of insanity, in addition to alleging facts which would indicate that the killing was in self-defense. After the defense rested, Howard's counsel withdrew the insanity defense. The trial court then allowed the state to introduce expert testimony in rebuttal through a psychiatrist who testified concerning Howard's competency.

■ The district court found that the admission of this testimony involved a question of state law and failed to rise to the level of a constitutional violation. *See e.g., Hall v. Wainwright,* 733 F.2d 766 (11th Cir.1984) (admission of evidence does not ordinarily rise to the level of a constitutional denial of due process). We agree with the district court. Moreover, we fail to see any prejudice which resulted from the admission of this testimony. It is difficult, if not impossible, to understand how Howard was prejudiced by evidence of his sanity once his insanity defense was withdrawn.

Following his conviction and sentence on the murder charge, Howard entered a plea of guilty to a charge of attempted assault against the arresting officer. He now attacks the validity of that plea. At the hearing before the magistrate, Howard testified that the only reason he entered his guilty plea was that it was based on a plea bargain involving charges pending against his wife arising out of the same incident for which he had been convicted. He testified that it was his understanding that he would plead guilty to attempted assault and his wife would plead guilty to the

---

1. In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that under 28 U.S.C. § 2254(b) and (c) a federal district court must dismiss a habeas corpus petition containing any claims that have not been exhausted in the state courts. Although it initially appears that by considering Howard's exhausted claims and refusing to consider the clearly unexhausted *Ake* issue the magistrate violated this total exhaustion rule, we do not find this to be the case. Howard raised his *Ake* claim for the first time in an amended petition for a writ of habeas corpus, filed over three months after his original petition. Allowance of such an amendment required leave of the court. Fed.R.Civ.P. 15(a). The magistrate did not formally deny Howard leave to amend his petition, but it is clear that, in essence, he refused to allow the amendment and, in fact, "the Magistrate advised petitioner that his unexhausted claim would not be considered by the court as a part of this petition." Magistrate's Report and Recommendation, p. 2 n. 1. Because the unexhausted *Ake* claim was not part of the petition considered by the magistrate, we find no infringement of the rule announced in *Rose v. Lundy.*

charges against her for which she would receive a probationary sentence. Although he pleaded guilty her agreement was never consummated and when he attempted to withdraw his plea his request was denied.

During the hearing before the magistrate Howard's trial counsel, Mack Clayton, testified that he represented Howard on both charges and represented Howard's wife, for a short period, on the assault charge. According to Clayton, the agreement between the district attorney and Howard and the agreement between the district attorney and Howard's wife were two entirely separate agreements and no promises were made to Howard tying his plea of guilty to that of his wife. The magistrate specifically credited this testimony and the district court adopted the magistrate's report. From the record before us we cannot say that this is a clearly erroneous finding of fact by the district court. Nor do we find any basis for concluding that the district court erred in determining that Howard was informed of the consequences of his plea and knowingly signed the explanation of rights form.

Howard next contends that the verdict rendered against him in the murder case was contrary to the weight of the evidence. The magistrate's report concluded that "[a]lthough there is evidence in the trial record to establish that [Howard] was injured by the deceased, and may have been in peril, there was conflicting testimony regarding whether he was free from fault and whether he was unable to retreat." Howard maintains that this finding is "simply wrong" because all the evidence showed that the deceased started the fight. While this may be true, the issue in this case, because of the plea of self-defense, is whether he had the time and opportunity to retreat. The evidence of record establishes that sufficient time elapsed for his wife to bring him his gun and that when he did shoot, the deceased was from three to ten feet from him.

■ Under the governing standard of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), "[t]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. From the evidence before us, it is quite apparent that the jury could have reasonably concluded that the killing was not in self-defense.

The remaining issues concern allegations of ineffective assistance of trial counsel. Howard alleges five categories of ineffectiveness; specifically he charges that his attorney 1) failed to perfect a record regarding juror Corley; 2) failed to object to the psychiatrist's testimony; 3) erred in objecting to the introduction of certain evidence; 4) failed to adequately prepare an investigation; and 5) adopted an ineffective trial strategy.

■ In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the requirements for a meritorious claim of ineffective assistance of counsel. First, the acts or omissions of counsel must fall outside the wide range of professionally competent assistance and must show a lack of reasonable professional judgment. *Id.* at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Second, there must be a showing of prejudice, such that "there is a reasonable probability that, but for counsel's own professional errors, the result of the proceedings would have been different." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. We hold that none of the issues raised by Howard presents a claim cognizable under *Strickland.*

Howard fails to satisfy either prong of the *Strickland* test with respect to the first four charges of ineffectiveness. None of these four claims alleges acts or omissions indicating a lack of reasonable professional judgment. Nor do we find any prejudice resulting from the attorney's conduct in these respects.

■ In support of his charge that his attorney was ineffective in choosing his trial strategy, Howard claims that the lawyer's plan to assert an insanity defense

initially, knowing that he might withdraw the defense at a later time, was a decision falling outside the range of professionally competent assistance and one which was prejudicial to Howard. According to Howard's counsel, Mack Clayton, he originally elected to pursue an insanity defense and introduced evidence to support it even though he knew before the trial that the state possessed psychiatric testimony to rebut it. Clayton testified that he hoped to get in as much evidence of insanity as possible then drop the defense in an attempt to preclude the state from introducing the psychiatrist's testimony during rebuttal. While this strategy was, as noted by the magistrate, "unusual," we must "eliminate the distorting effects of hindsight," *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694, and evaluate the conduct from counsel's perspective at the time he undertook this strategy. Apparently Clayton hoped that the evidence of Howard's "unbalanced" condition would work in his favor without having to rely on it as a defense and thereby suffer rebuttal testimony from the state's psychiatrist. While this tactic failed in its goal of precluding the psychiatrist's testimony, we cannot say that it rose to the level of incompetent assistance in a constitutional sense, given the facts of this particular case. Moreover, even if we were to find that Clayton's strategy was professionally unreasonable, Howard's claim would still fail under the *Strickland* prejudice standard. Howard contends that he was prejudiced because "the jury was led to believe by Mr. Clayton's opening statement that his entire defense was insanity," (Howard's Brief, at 51) and presumably his self-defense theory suffered accordingly. However, the record discloses a great deal of evidence relevant to a self-defense theory and the judge fully instructed the jury on self-defense. We therefore find no prejudice from the "unusual" strategy employed by Howard's attorney.

For the foregoing reasons the judgment of the district court is

AFFIRMED.