# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3540

_____

Anthony Williams,

        Petitioner - Appellant,

v.

Michael Bowersox, Superintendent,
PCC,

        Respondent - Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\*
\*
\*

_____

Submitted:  April 14, 2003

Filed:  August 25, 2003

_____

Before LOKEN, Chief Judge, HANSEN, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Anthony Williams appeals the district court's[1] denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  He argues the state court's rejection of his ineffective assistance of counsel claim was an unreasonable application of clearly established federal law.  We disagree thereby affirming the district court.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, Eastern Division.

# I

Williams was charged in Missouri state court by indictment on April 19, 1994, with one count of murder in the first degree and one count of armed criminal action. The charges stem from the shooting death of a fourteen-year-old boy. The crime occurred in front of a building where a youth dance had been held, and where Williams and the victim had earlier argued.

At trial, Williams's defense counsel made an opening statement immediately after that of the state. Defense counsel informed the jury specific witnesses would be called to support the theory that police had misidentified Williams as the shooter. Despite these opening remarks, defense counsel did not call the witnesses. All witnesses mentioned by defense counsel in his opening statement were called by the state, except Eric Palmer and Kevin Mongrum. Both men had been interviewed before trial by defense counsel.

The jury convicted Williams, and he was sentenced to life imprisonment without the possibility of parole. Williams filed a pro se motion for post-conviction relief. Thereafter, counsel was appointed and the pro se motion amended. After a hearing, the motion was denied.

Williams appealed the denial of his motion as well as his conviction to the Missouri Court of Appeals. Among his arguments were several ineffective assistance claims, including the one he now brings before this court. Specifically, Williams questioned whether his lawyer was constitutionally deficient by failing to call witnesses he suggested would be called in his opening statement. The Missouri Court of Appeals consolidated the appeals, rejected all of Williams's arguments, and affirmed both the denial of post-conviction relief and the conviction.

In doing so, the Missouri Court of Appeals first correctly noted <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) provided the governing legal principle. <u>State v. Williams</u>, No. 69294 & No. 72624, slip op. at 9 (Mo. Ct. App. filed July 28, 1998) (unpublished memorandum opinion). It then held the <u>Strickland</u> standard was not satisfied by Williams. <u>Id.</u> at 14. The court observed defense counsel testified he made a decision not to call Eric Palmer and Kevin Mongrum because they were "hard-looking," "street tough" and one of them had admitted to being in a gang with Williams. <u>Id.</u> at 10. Also, the court reasoned:

> In the discussion of defendant's second point, we pointed out that in order to prevail on his claim of ineffective assistance of counsel, defendant must overcome the presumption that counsel's challenged acts or omission were sound trial strategy. <u>State v. Starks</u>, 856 S.W.2d 334, 336 (Mo. banc 1993). The choice of witnesses and defense tactics are ordinarily matters of trial strategy and will not support a claim of ineffective assistance of counsel. <u>State v. Henderson</u>, 826 S.W.2d 371, 378 (Mo. App. E.D. 1992). In this case at bar, the majority of the witnesses that trial counsel mentioned in his opening statement were called by the state. At the evidentiary hearing, trial counsel testified that he thought he beat the state's case through his cross-examination of the state's witnesses. Trial counsel also testified that at the hearing he had voir dired the jury about the fact that defendant did not have to call witnesses. Trial counsel testified that he felt it was better to make an opening statement which would allow the jury to hear that there were "witnesses out there" that could support their story, instead of standing mute after the state's opening statement. We find that trial counsel's decision not to call witnesses was part of his trial strategy. The motion court did not err in denying defendant's claim of ineffective assistance of counsel.

<u>Id.</u> at 13-14.

After losing his appeal in state court, Williams sought habeas relief pursuant to § 2254 in federal district court. The district court determined the decision of the

Missouri Court of Appeals was not contrary to established federal law. It, therefore, denied Williams's petition for a writ of habeas corpus, but it granted a certificate of appealability. Williams now appeals.

## II

Williams contends the Missouri Court of Appeals's rejection of his ineffective assistance claim was an unreasonable application of clearly established federal law, and the district court, therefore, erred in denying his habeas petition. We disagree.

The determination as to whether counsel was constitutionally deficient is a mixed question of law and fact. Flieger v. Delo, 16 F.3d 878, 886 (8th Cir. 1994). Accordingly, the district court's resolution of claims of ineffective assistance of counsel based on an undisputed factual record, of the sort we now have before us, is subjected to de novo review. Miller v. Dormire, 310 F.3d 600, 602 (8th Cir. 2002) (citing Strickland, 466 U.S. at 698).

If a claim has been adjudicated on the merits in state court, an application for writ of habeas corpus may be granted where the state court adjudication "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). An "unreasonable application" of federal law occurs when a "state court correctly identifies the governing legal principle from [the decisions of the Supreme Court] but unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2002) (discussing Williams v. Taylor, 529 U.S. 362, 403-404 (2000)); see Sexton v. Kemna, 278 F.3d 808, 811 (8th Cir. 2002) (analyzing Williams). The focus of the inquiry is "whether the state court's application of clearly established federal law is objectively unreasonable." Bell, 535 U.S. at 694.

The district court held Strickland was reasonably applied by the Missouri Court of Appeals. The issue before this court, therefore, is whether the district court reached the correct legal conclusion. In other words, did the Missouri Court apply Strickland in an "objectively unreasonable" manner.

It bears repeating an "objectively unreasonable" manner is different from an incorrect one. Williams, 529 U.S. at 409-410, 411 (explaining a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly"); Colvin v. Taylor, 324 F.3d 583, 587 (8th Cir. 2003); Hoon v. Iowa, 313 F.3d 1058, 1061(8th Cir. 2002). Therefore, "this court, just like the district court, may not grant a writ of habeas corpus unless the relevant state court decision is both wrong and unreasonable." Colvin, 324 F.3d at 587.

III

Strickland established the principle that in order to prevail on an ineffective assistance of counsel claim, a petitioner must "show that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (discussing Strickland, 466 U.S. at 687). "It is past question that the rule set forth in Strickland qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams, 529 U.S. at 391. The "performance" prong of the two-part Strickland test requires the petitioner to show "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. The "prejudice" prong of the Strickland analysis requires a showing that "the decision reached would reasonably likely have been different absent the errors." Id. at 696.

The Missouri Court of Appeals stated, "trial counsel's decision not to call witnesses was part of his trial strategy," and, impliedly, concluded this trial strategy did not fall below the "objective standard of reasonableness" required of counsel. Strickland, 466 U.S. at 688. To determine if this conclusion amounts to an unreasonable application of Strickland's performance prong, we must consider if Strickland and its progeny mean: when a counselor suggests to a jury certain witnesses will be called, those witnesses must be called.

As a preliminary matter, Williams directs our attention to Blankenship v. State, 23 S.W.3d 848 (Mo. Ct. App. 2000). In Blankenship, a defense counsel (whose behavior at trial was described as "fumbling, stumbling and bumbling" by the trial judge) was deemed ineffective because in his opening statement he promised to present an expert witness whom he had not yet interviewed, and upon doing so decided not to call. 23 S.W.3d at 850. The Missouri Court of Appeals held Blankenship's defense counsel was ineffective because, due to his failure to investigate, he "really had no idea what [the expert witness's] testimony would be, prior to trial;" yet, nonetheless, he promised the jury in his opening statement the expert witness would be called. Id. at 851. The case before us does not involve a failure to investigate. Therefore, Blankenship does not meaningfully guide us in this appeal.

Counsel has not directed our attention to, nor has independent research revealed, either a Supreme Court or an Eighth Circuit case specifically on point, but a number of other courts have taken a position on the subject. The decisions issued by these courts do not, of course, make a legal principle "clearly established for the purposes of [§] 2254(d)(1) because they do not issue from the Supreme Court, nonetheless, they provide significant insight into what constitutes reasonableness for a particular fact pattern." Phoenix v. Matesanz, 233 F.3d 77, 83 n.3 (1st Cir. 2000) (internal citations omitted). "[T]o the extent that inferior federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the

reasonableness vel non of the state court's treatment of the contested issue . . . such reference is particularly appropriate in ineffective assistance of counsel cases, which are highly fact-specific." Yancey v. Hall, 237 F. Supp. 2d 128, 133. (D. Mass. 2002) (internal quotation and citation omitted). Similarly, we have held in the habeas corpus context, the objective reasonableness of a state court's application of Supreme Court precedent may be established by showing other circuits having similarly applied the precedent. Sexton, 278 F.3d at 811.

Under circumstances somewhat similar to the present case, failing to fulfill a promise made in an opening statement to call a witness or to present evidence has amounted to ineffective assistance of counsel. E.g., Ouber v. Guarino, 293 F.3d 19 35-36 (1st Cir. 2002) (holding defense counsel's decision to withhold the defendant's testimony after having emphasized its importance and having "explicitly and repeatedly" promised the jurors that they would hear it constituted ineffective assistance of counsel, and no reasonable trial strategy justified the decision, since no circumstances changed from two earlier trials where the defendant did testify); Harris v. Reed, 894 F.2d 871, 878-79 (7th Cir. 1990) ("Counsel tempted the fates when he decided to rest on the perceived weakness of the prosecution's case. His decision not to present [an alternative theory of the crime] through the testimony of Carter or Riles -- a decision made without interviewing the witnesses, after preparing the jury for the evidence through the opening, and without consultation with Harris -- was unreasonable professional conduct."); Anderson v. Butler, 858 F.2d 16, 18 (1st Cir. 1988) (finding ineffective assistance of counsel and prejudice as a matter of law where counsel failed to present promised expert medical testimony that defendant acted "without feeling, without any appreciation of what was happening . . . like a robot programmed on destruction," even though the principal defense remained throughout the trial to establish the defendant had an impaired mental condition). "The rationale for holding such a failure to produce promised evidence ineffective is that when counsel primes the jury to hear a different version of the events from what he ultimately presents, one may infer that reasonable jurors would think the witnesses

-7-

to which counsel referred in his opening statement were unwilling or unable to deliver the testimony he promised." McAleese v. Mazurkiewicz, 1 F.3d 159, 166-67 (3rd Cir. 1993).

Despite these cases, other courts have reached the opposite result and illustrate that failing to present witnesses promised in an opening is not always an error of a constitutional dimension. See, e.g., United States ex rel. Schlager v. Washington, 887 F. Supp. 1019, 1026-27 (N.D. Ill. 1995), aff'd, 113 F.3d 763 (7th Cir. 1997) (holding a strategic decision not to introduce witnesses promised in opening statement was not ineffective assistance); Yancey v. Hall, 237 F. Supp. 2d at 135 (concluding it was not ineffective assistance for petitioner's attorney to promise petitioner would testify and that the evidence would show petitioner was not the person who committed the crime, even though petitioner ultimately did not testify and his counsel rested without adducing all of the promised evidence.); cf. Howard v. Davis, 815 F.2d 1429, 1432-33 (11th Cir. 1987) (holding that a change of strategy in the midst of a trial did not constitute ineffective assistance, even where defense counsel asserted an "insanity defense initially, knowing that he might withdraw the defense at a later time."): United States v. Friedman, Nos. 92-3916, 92-3917, 1993 U.S. App. LEXIS 25452 at *11 (6th Cir. Sept. 30, 1993) (unpublished) (rejecting a basis of petitioner's writ of error asserting "[i]t can be competent trial strategy to broach a defense during opening statement and later abandon it based on trial developments."); United States v. Mittal, 98 CR 1302 (JGK), 2000 U.S. Dist. LEXIS 15665 at * 11 (S.D.N.Y. October 23, 2000) ("The fact that trial counsel did not follow the exact letter of his opening statement does not mean that his representation fell below reasonable professional standards. Changing course from the roadmap outlined in opening statement as the trial progresses is not necessarily ineffective assistance.").

Upon comparing these cases to the facts of the present case, we are left with the impression different federal courts may resolve the question before us differently. This diversity of opinion alone suggests the Missouri Court of Appeals did not

unreasonably apply <u>Strickland</u>. Moreover, considering the specific facts of this case mandates this conclusion. Williams's defense counsel interviewed the two un-called witnesses before trial, and he knew what their testimony would be. With this likely testimony in mind, defense counsel told the jury they would soon know it too. Once the trial was underway, however, defense counsel reconsidered. He subsequently gave a number of reasons for his decision. These reasons now might seem insufficient, but we "must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." <u>Bell</u>, 535 U.S. at 702 (quoting and discussing <u>Strickland</u>, 466 U.S. at 689). When we do so, we cannot say the state court's application of <u>Strickland</u>'s attorney-performance standard was objectively unreasonable. Accordingly, the judgment of the district court is affirmed.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.