# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-2732/2738

_____

Gary Lynn Underdahl,          *
                                      *

          Appellant,      *
                                      *   Appeals from the United

      v.                   *   States District Court for the
                                      *   District of Minnesota.

Terry Carlson, Warden,     *
                                      *

          Appellee.       *

_____

Submitted: June 18, 2004
Filed: September 7, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Gary Underdahl appeals the district court's denial of his petitions for relief under 28 U.S.C. § 2254. We hold that the district court correctly concluded that the Minnesota Court of Appeals did not unreasonably apply clearly established federal law in deciding that Mr. Underdahl's counsel was not ineffective. We believe, however, that the district court erred in dismissing one of Mr. Underdahl's petitions, and we remand to allow him an opportunity to amend that petition and to proceed with his exhausted claims.

I.

Mr. Underdahl was charged with nine criminal counts, including burglary, kidnapping, assault, criminal sexual conduct, felony harassment, and making terroristic threats; the victim in each instance was his former girlfriend, Karen Bachmeier, who is the mother of his four children. A jury convicted Mr. Underdahl of all charges, and his conviction was affirmed on direct appeal. Mr. Underdahl sought post-conviction relief, which was denied. (We refer to this case as *Underdahl I*.)

After this conviction, several witnesses who had testified on behalf of Mr. Underdahl, including his children, told the police that he had forced them to commit perjury. As a result, Mr. Underdahl was charged with perjury, witness tampering, and soliciting juveniles to commit perjury. A jury convicted him. Mr. Underdahl's conviction was affirmed on direct appeal, and he did not seek post-conviction relief from this judgment. (We refer to this case as *Underdahl II*.)

Mr. Underdahl then filed two *pro se* petitions for writs of habeas corpus in the district court. With respect to *Underdahl I*, he claimed ineffective assistance of counsel and denial of due process; with respect to *Underdahl II*, he advanced several grounds for relief, including claims that he was denied due process and the effective assistance of counsel. On appeal, Mr. Underdahl raises only two arguments. He asserts that the district court erred in holding that his trial counsel was not ineffective in *Underdahl I*, and he maintains that the district court erred by dismissing his petition in *Underdahl II* without allowing him the opportunity to amend his petition to dismiss his unexhausted claims.

II.

We turn first to petitioner's ineffective assistance of counsel claim. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that in order to prevail on such a claim on direct appeal, a defendant must show that

counsel's performance was deficient and prejudicial. But in the present context, petitioner "must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (internal citation omitted).

Mr. Underdahl argues that he was denied the effective assistance of counsel in several respects. First of all, he complains about counsel's failure to subpoena an alibi witness named Jeff Lucken. In opening statements, counsel said that with respect to the burglary charge "an individual by the name of Jeff Lucken ... will testify that on that morning when this ... was allegedly occurring, Gary Underdahl was delivering a truck for him down to the Fargo, North Dakota area." Counsel did not, however, subpoena Mr. Lucken, and Mr. Lucken was unavailable at the time of trial. Counsel instead called Beverly Peterson as an alibi witness, and she testified that Mr. Underdahl was with her at the time of the alleged burglary.

The Minnesota Court of Appeals found that counsel did not subpoena Mr. Lucken because he did not want to alienate him as a witness. Furthermore, the court found that Mr. Underdahl participated in the decision not to seek a continuance to allow Mr. Lucken to attend and instead to call Ms. Peterson as a substitute witness. The court held that counsel's decisions were reasonable as a matter of trial strategy and therefore did not constitute ineffective assistance of counsel.

In *Williams v. Bowersox*, 340 F.3d 667, 668, 672 (8th Cir. 2003), we held that a state court did not unreasonably apply *Strickland* by rejecting a claim of ineffective assistance of counsel when counsel told the jury during opening arguments that he would produce the testimony of certain witnesses and two of the witnesses were never called. As we explained in *Williams*, there is no Supreme Court case that has clearly

decided this issue, and courts that have considered it have reached conflicting results. *See id.* at 671-72, and cases cited therein. "This diversity of opinion alone suggests that the [state court] did not unreasonably apply *Strickland*" in rejecting the claim. *Id.* at 672. The specific facts of this case do not require a different conclusion.

Mr. Underdahl also asserts that his counsel was ineffective for opening the door to evidence of bad character in his examination of Kenneth Brandwick. Mr. Brandwick had employed Mr. Underdahl and had been acquainted with Mr. Underdahl for approximately thirty years. On direct examination, counsel asked for Mr. Brandwick's opinion about Mr. Underdahl's character. Mr. Brandwick responded "I know him to be a hard worker, honest, respectful." The government, on cross-examination, inquired whether Mr. Brandwick had knowledge of prior accusations against Mr. Underdahl of sexual molestation, prior arrests for terroristic threats, and prior arrests for the sale of marijuana. Counsel admitted in the state post-conviction hearing that these prior bad acts probably would not have come into evidence without his having opened the door. Counsel also stated, however, that he was trying to prove that there had been a history of unfounded allegations against Mr. Underdahl and thus that the current allegations were also unfounded. The Minnesota Court of Appeals found that counsel weighed the costs and benefits of this decision and that the decision was a reasonable one.

Although hindsight may make a decision appear unwise or unsound, when scrutinizing counsel's performance a court "must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. In light of this deferential standard, we cannot say that the holding of the state appellate court was an unreasonable application of clearly established federal law.

-4-

Mr. Underdahl also claims that counsel's failure to obtain and offer into evidence pictures of the interior of a van in which Mr. Underdahl was accused of assaulting Ms. Bachmeier constituted ineffective assistance of counsel. If counsel had offered these pictures into evidence, Mr. Underdahl argues, the jury would have seen that the alleged assault could not have occurred because the space in the van was too confined. Counsel testified at the post-conviction hearing that he did not think that pictures were necessary because Mr. Underdahl planned to testify and could adequately convey to the jury the size and interior configuration of the van. The Minnesota Court of Appeals concluded that this decision was a reasonable one, and, even assuming that counsel's performance was deficient, that Mr. Underdahl failed to make out any prejudice.

This was not an unreasonable application of federal law. Decisions regarding what evidence should be submitted to prove a defense theory are committed to the sound discretion of trial counsel. There is nothing unreasonable about counsel's belief that Mr. Underdahl's testimony was sufficient to convey the spatial arrangement inside the van. Furthermore, there is no reasonable likelihood that the verdict would have been different if pictures had been submitted to the jury.

Finally, Mr. Underdahl complains about his counsel's failure to provide the state with notice of his intention to call Ms. Peterson as a substitute alibi witness. Because notice was not given, the trial court, following Minnesota law, gave a jury instruction stating that the jury could consider the fact that the defendant did not comply with pretrial alibi-disclosure requirements "when deciding the validity of the defendant's alibi defenses or in assessing the credibility of the defendant's alibi witnesses."

The Minnesota Court of Appeals found that Mr. Underdahl participated in the decision to call Ms. Peterson as an alibi witness rather than seeking a continuance to

subpoena Mr. Lucken.  Furthermore, the court held that this decision reflected a reasonable trial strategy and that Mr. Underdahl failed to show prejudice.

We see nothing unreasonable in the conclusion that Mr. Underdahl failed to show prejudice.  Although the jury instruction allowed the jury to question Ms. Peterson's credibility and petitioner's alibi defense, Mr. Underdahl has failed to show that this instruction was prejudicial to him.  Ms. Peterson was the only alibi witness offered at trial and without her testimony there would have been no corroboration of Mr. Underdahl's testimony.  The jury instruction allows the jury to discredit Ms. Peterson's testimony, but the available alternative was to have no alibi testimony.  There is no discernible prejudice in a jury instruction that allows the jury to discredit an alibi witness when the alternative was to have no alibi witness at all.

Having reviewed the record thoroughly, we find no merit in Mr. Underdahl's other claims that his counsel was ineffective.  We therefore affirm the judgment of the district court on *Underdahl I*.

### III.

Mr. Underdahl argues that the district court erred in dismissing his petition in *Underdahl II* for failure to exhaust state remedies.  In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that the claims in a petition for writ of habeas corpus must be totally exhausted before it can proceed.  This requirement "encourage[s] state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."  *Id.* at 518-19.  Furthermore, "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review."  *Id.* at 519.

But as we have noted before, the one-year statute of limitations imposed by AEDPA "may render some petitioners' claims time-barred upon their return to federal

court after exhausting their state court remedies following a dismissal without prejudice on exhaustion grounds." *Akins v. Kenney*, 341 F.3d 681, 685 (8th Cir. 2003). There is no doubt that in this case the dismissal without prejudice would jeopardize Mr. Underdahl's ability to seek later review in federal court because the statute of limitations expired during the pendency of Mr. Underdahl's habeas petition.

Our case law indicates that a petitioner who presents a mixed petition should be allowed to amend his petition to include only his exhausted claims. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam). The state conceded as much at oral argument. Thus we remand *Underdahl II* to the district court with instructions to allow the petitioner to withdraw his unexhausted claims and to proceed to the merits of his exhausted claims.

_____