## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 20, 2012

Lyle W. Cayce
Clerk

No. 11-20083
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SILVERIO SALAS-AVALOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-589-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Silverio Salas-Avalos (Salas) appeals the denial of his motion to suppress evidence, including statements he made and firearms, obtained by agents of Immigration and Customs Enforcement (ICE) after they detained him in a traffic stop and subsequently conducted a warrantless search of his residence.  Salas appeals also the 57-month prison sentence imposed on his conviction for being an illegal alien in possession of a firearm.  *See* 18 U.S.C. §§ 922(g)(5)(A), 924 (a)(2).  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Salas asserts that the ICE agents' detention of the vehicle he occupied was illegal because they had no reasonable suspicion of any criminal activity involving it. He asserts that his subsequent arrest and the seizure of evidence at his residence were therefore illegal. He contends that there was no probable cause for the search of his residence and that the search cannot be upheld as a consensual one.

A district court's findings on a motion to suppress are reviewed for clear error, and the district court's ultimate conclusions on whether the Fourth Amendment was violated are reviewed de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir.), *cert. denied*, 131 S. Ct. 620 (2010). Because "the district court entered no factual findings and indicated no legal theory underlying its decision [not to suppress] the evidence obtained in the . . . search, [we] must independently review the record." *United States v. Yeagin*, 927 F.2d 798, 800 (5th Cir. 1991). We will uphold the denial of a suppression motion if it is supported by any reasonable view of the evidence. *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc).

A police stop of a vehicle and the detention of its occupants constitutes a seizure under the Fourth Amendment. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). The constitutionality of such detentions, whether they are justified by probable cause or reasonable suspicion of a violation, is analyzed according to the standard set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). *Id.* As part of his investigation of the circumstances that prompted the stop, an officer may attempt "to uncover [an occupant's] true identity." *Id.* at 509. "A brief stop of a suspicious individual . . . to determine his identity" is analyzed "in light of the facts known to the officer at the time." *Adams v. Williams*, 407 U.S. 143, 146 (1972).

The ICE agents' actions in the instant easily satisfied the reasonable suspicion standard. The agents had information linking Salas's residence with

a telephone number that was used in an alien smuggling scheme. The agents received an alert to be on the lookout for a Dodge pickup truck that was believed to be used in alien smuggling. That vehicle, carrying two undocumented aliens, was later stopped for a traffic violation investigated by one of the ICE agents. When that same vehicle arrived at Salas's residence the next day and picked up Salas, that agent recognized it and its driver. The agent followed the truck, which shortly after stopped and discharged four to six passengers. Together these facts created reasonable suspicion to detain the vehicle at least long enough to identify its occupants. *See Terry*, 392 U.S. at 21; *see also Illinois v. Wardlow*, 528 U.S. 124, 126 (2000).

Salas was arrested after he told an ICE agent that he was from Mexico and did not have documents to be in the United States. The only evidence in relation to Salas that was revealed by the brief, permissible investigatory stop of the Dodge pickup truck was his identity and the fact of his illegal presence in the United States—neither of which would have been suppressible on the basis of an illegal stop in any event. *See United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999). Moreover, Salas's subsequent arrest on illegal entry charges was based on probable cause—his admission of being illegally present—and was not unlawful. *See United States v. Costner*, 646 F.2d 234, 236 (5th Cir. 1981). Thus, Salas was at no time illegally detained.

We conclude also that the government carried its burden of proving voluntary consent. *See United States v. Yeagin*, 927 F.2d 798, 800 (5th Cir. 1991). When analyzing a claim that consent was given voluntarily by the defendant, we examine the following factors: (1) the voluntariness of the defendant's custodial status, (2) the existence of coercive police procedures, (3) the extent and level of the defendant's cooperation with the police, (4) the defendant's awareness of his right to refuse consent, (5) the defendant's education and intelligence, and (6) the defendant's belief that no incriminating evidence will be found. *See United States v. Gomez-Moreno*, 479 F.3d 350, 357

n.5 (5th Cir. 2007).  No single factor is dispositive or controlling.  *United States v. Kelley*, 981 F.2d 1464, 1470 (5th Cir. 1993).  Viewed in the light most favorable to the government, the totality of the circumstances in the instant case does not counsel in favor of a conclusion that Salas's consent was involuntary.  *See Pack*, 612 F.3d at 347; *Michelletti*, 13 F.3d at 841.  The district court correctly denied the motion to suppress.

We reject also the challenge that Salas raises to his sentence, because the challenge is barred by an appeal waiver in his plea agreement.  Although Salas contends that the appeal waiver is unconscionable, he points to no terms contained in it that have ever been deemed unconscionable by this court in other cases.  Waivers of the statutory right to appeal, in contracts largely mirrored by Salas's, are routinely permitted by this court.  *See*, *e.g.*; *United States v. Burns*, 433 F.3d 442, 445, 450 (5th Cir. 2005); *United States v. Bond*, 414 F.3d 542, 544-45 (5th Cir. 2005).

AFFIRMED.