**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2013

Lyle W. Cayce
Clerk

No. 12-30672

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-343-3

Before JONES and CLEMENT, Circuit Judges, and KAZEN[*], District Judge.

PER CURIAM:[**]

Pursuant to a written plea agreement, Pablo Solis pled guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine hydrochloride. He also waived appeal of his conviction and sentence, except for any sentence exceeding the statutory maximum. Following a prior appeal by the Government that resulted in a sentence on remand of increased confinement, Solis asks this court to set aside the waiver and reconsider his

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history assessment. Finding the waiver to be enforceable, we DISMISS this appeal.

Solis was initially granted a safety-valve reduction and sentenced to 60 months of imprisonment, well below the 120-month statutory minimum. *See* 21 U.S.C. § 841(b)(1)(A). The Government appealed, and this court reversed the district court's judgment, vacated Solis's sentence, and remanded the case for resentencing. *United States v. Solis*, 675 F.3d 795, 802 (5th Cir. 2012). On remand, Solis was resentenced to 120 months of imprisonment and three years of supervised release.

In the present appeal, Solis argues that the presentence report erred in assessing him two criminal history points since at least one of his prior convictions occurred more than 10 years before the commission of the instant offense. Were this alleged error in the criminal history calculation to be corrected, Solis would be safety-valve eligible and the district court would not have erred in exercising its discretion to depart below the statutory minimum to a 60-month sentence. Against this claim, the Government seeks enforcement of the appeal waiver provision of the plea agreement.

"A defendant may waive his statutory right to appeal if the waiver is knowing and voluntary. We apply normal principles of contract interpretation when construing plea agreements." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (internal citations omitted). A review of the record shows that Solis knowingly and voluntarily waived his right to appeal by indicating he had reviewed and understood the appeal waiver. Consideration of this appeal is therefore barred. It is of no legal consequence that the Government chose to appeal Solis's sentence in the first instance. It is not unfair that only one side can appeal under the arrangements of the plea deal, because that was the bargain Solis struck with the Government, and we cannot say the condition was

unconscionable. *Cf. United States v. Salas-Avalos*, 459 F. App'x 318, 321 (5th Cir. 2012) (per curiam) (approving appeal waiver where no included terms had previously been deemed unconscionable by this court).

APPEAL DISMISSED.