# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2021

Lyle W. Cayce
Clerk

No. 19-51117
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Anthony Alvarez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-441-4

---

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Pursuant to a "fast-track" plea agreement, Mark Anthony Alvarez pleaded guilty to one count of transporting illegal aliens for financial gain. Alvarez waived his right to appeal or collaterally attack the conviction or sentence, reserving only the right to assert prosecutorial misconduct or

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

ineffective assistance of counsel.  He also waived the rights to additional discovery, to seek a downward departure or variance, and to make any of the pretrial motions described in Federal Rule of Criminal Procedure 12(b)(3).  In exchange, the Government agreed to support the maximum three-level reduction for acceptance of responsibility, to recommend an additional one-level reduction for fast-track pleading under U.S.S.G. § 5K3.1, and to dismiss other charges.

Alvarez challenges his plea agreement and sentence and makes related claims of ineffective assistance of counsel.  Except in rare cases, however, claims of ineffective counsel are not properly considered on direct appeal because the record is not sufficiently developed in the trial court.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  A 28 U.S.C. § 2255 proceeding is the preferred means for asserting ineffectiveness because the district court is the best forum for developing the facts relevant to such a claim.  *See Massaro v. United States*, 538 U.S. 500, 505–07 (2003).  Accordingly, we dismiss Alvarez's ineffective-counsel claims without prejudice to the claims being raised in a § 2255 motion.

Although Alvarez says in passing that his guilty plea was involuntary and should be set aside, his actual arguments challenge only his sentence and some of the waivers contained in the plea agreement.  He did not challenge the terms of the plea agreement in the district court, so review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134–36 (2009).  Therefore, Alvarez must show a forfeited error that is clear or obvious beyond "reasonable dispute" and that affects his substantial rights.  *See id.* at 135.  If he makes that showing, this court has the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (citation omitted); *see also United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013).

No. 19-51117

Alvarez does not explain how the plea itself was not knowing or voluntary, nor does he identify any error, waiver, or term of the agreement that caused him to plead guilty involuntarily instead of going to trial. *See Alvarado-Casas*, 715 F.3d at 953. He likewise makes no effort to overcome the "strong presumption of verity" that attaches to his statements under oath that his plea was knowing and voluntary. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His conclusory assertions of an invalid guilty plea are inadequate and thus abandoned. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006); *United States v. Lindell*, 881 F.2d 1313, 1325 (5th Cir. 1989); *see also* FED. R. APP. P. 28(a)(8) (requiring argument and citations).

More specifically, Alvarez contends that the waiver of discovery violated the rule of *Brady v. Maryland*, 373 U.S. 83 (1963). He also asserts that, by precluding him from seeking a downward departure or variance, the agreement required him to waive the right to counsel at sentencing. Alvarez offers no authority to support his bare assertion that any terms of his fast-track plea agreement—or any fast-track plea agreement—have been deemed unconscionable or unconstitutional by any court. *Cf. United States v. Salas-Avalos*, 459 F. App'x 318, 321 (5th Cir. 2012) (per curiam) (approving appeal waiver where no included terms had previously been held unconscionable by this court). In addition, at sentencing, he was represented by counsel who obtained a three-level reduction in the offense level initially set forth in the presentence report. Alvarez's conclusory assertions provide no basis for reversal.

Regarding his sentence, Alvarez asserts that he should have received a downward departure because a codefendant attacked him prior to sentencing in retaliation for his cooperation. He also says that the sentence is substantively unreasonable and violates the Eighth Amendment prohibition against cruel and unusual punishment because of his health and the danger of COVID-19. His challenges to the sentence are barred by the

No. 19-51117

appeal waiver.  *See United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015).

The appeal is DISMISSED as to Alvarez's claims for ineffective assistance of counsel, without prejudice to the claims being raised in a § 2255 motion.  The judgment is AFFIRMED as to his remaining claims regarding his plea agreement and sentence.